On motions for leave to withdraw as counsel, motions to withdraw as counsel denied December 28, 1989, reconsideration denied February 23, petition for review allowed May 3, 1990 (310 Or 60)

STATE OF OREGON,
*Respondent,*

*v.*

DONALD RAY BALFOUR,
*Appellant.*

(C8801-30735, CA A49467 (Control))

In the Matter of Michael Briant,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL BRIANT,
*Appellant.*

(3533; CA A49492)

In the Matter of the Marriage of

THOMAS,
*Petitioner,*

*and*

THOMAS,
*Respondent.*

STATE ex rel THOMAS,
*Respondent,*

*v.*

THOMAS,
*Appellant.*

(D8804-62802; CA A49798)

In the Matter of Sandra Stock
and Stacey Stock, Minors.

STATE ex rel JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY et al,
*Respondents,*

*v.*

STOCK,
*Appellant.*

(72163A and B; CA A50805)
(Cases Consolidated for Decision)

784 P2d 1103

Martin W. Reeves, Portland, for the motion.

No appearance *contra.*

Kent W. Day, North Bend, for the motion.

No appearance *contra.*

No appearance *contra.*

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The issue in each of these cases is whether counsel for the appellant should be allowed to withdraw from representation because counsel has concluded that the appeal has no merit. In three of the cases, counsel was appointed to represent the indigent appellant and has moved, formally or informally, to withdraw; in one case, we have raised the issue on our own motion. In *State v. Horine,* 64 Or App 532, 669 P2d 797, *rev den* 296 Or 237 (1983), we held that, if appointed counsel makes a determination that there are no non-frivolous issues to present on appeal and notifies the court and the defendant of that determination, counsel may be permitted to withdraw. United States Supreme Court decisions rendered in 1988 have effectively overruled *Horine.* Appointed counsel wanting to withdraw on the ground that an appeal has no merit must hereafter follow this decision.

For this opinion, we consolidate *State v. Balfour,* CA A49467 (criminal), *State v. Briant,* CA A49492 (mental commitment), *Thomas and Thomas,* CA A49798 (criminal contempt), and *State ex rel Juv. Dept. v. Stock,* CA A50805 (termination of parental rights). They are representative of others pending in this court. The standards and procedures for disposing of motions to withdraw as counsel are the same regardless of the type of case. This decision is limited to cases in which an indigent has a right under the United States Constitution to appointed counsel, regardless of whether there is a separate Oregon constitutional or statutory basis for appointment of counsel. We do not decide whether and under what circumstances appointed counsel may withdraw because counsel believes that the appeal has no merit in cases in which there is a statutory right to appointed counsel not supported by a constitutional right to appointed counsel.

In *State v. Balfour,* although the judgment recites that defendant pleaded guilty to a charge of Sexual Abuse I, it appears that the case was tried on stipulated facts. In any event, defendant was convicted and has appealed. Court-appointed counsel has moved to withdraw, stating that he has reviewed the trial court file, talked to the trial attorney and defendant and has concluded that there are no non-frivolous issues to raise on appeal. Attached to counsel's affidavit is a copy of a letter from him to defendant. We infer from that

letter that, before the appeal was taken, defendant unsuccessfully attempted to have the fact stipulation set aside. Further, it appears that defendant wants to challenge the 90 days of jail time that he has to serve as a condition of probation, because the pre-sentence report and the district attorney recommended no imprisonment.

*State v. Briant* is an appeal from an order finding defendant to be a mentally ill person and committing him to the custody of the Mental Health Division. Court-appointed counsel has moved to withdraw on the grounds "that there are no appealable issues preserved in the trial court record, and there is no egregious error on the face of the record." His affidavit recites that he has reviewed the entire record and that "there was no ruling of the Trial Court preserved for appeal which was reversible error." Counsel also states that he has talked to trial counsel and that trial counsel is not aware of any issues preserved for appeal on which a different result would be reached by this court on *de novo* review. Counsel states that he has discussed the matter with defendant, who wants to raise the issue that certain portions of the mental health examiner's reports were not admissible. Counsel states that he believes that defendant would be unsuccessful in asserting that issue, because the trial judge stated that he could disregard the questioned evidence and still conclude that sufficient evidence existed to find appellant mentally ill and a danger to others.

*Thomas and Thomas* is an appeal from an order finding defendant husband in contempt of court for violating a restraining order requiring him to stay away from wife. Imposition of sentence was suspended, and defendant was placed on probation, subject to special conditions. We issued a notice to the effect that the appeal would be dismissed for lack of prosecution unless good cause were shown why the appeal should be retained. Appointed counsel responded with a document in the form of a brief, the content of which merely recites that counsel has reviewed the record and has not found any non-frivolous issues and requests permission to withdraw.

*State ex rel Juv. Dept. v. Stock* is an appeal from an order of the juvenile court terminating the parental rights of the mother of two minor children. Mother is the appellant. Her court-appointed counsel filed a brief with a statement of

the case, a summary of facts and all of the other attributes of a brief and containing one "assignment of error": "As court-appointed counsel for the appellant on appeal, I have reviewed the law and the record and have determined that there are no non-frivolous issues to be raised on appeal."

In *Anders v. California,* 386 US 738, 87 S Ct 1396, 18 L Ed 2d 493 (1967), the Supreme Court held that a state appellate court, in an indigent criminal defendant's appeal as of right, may not permit court-appointed counsel to withdraw on the basis of a conclusory statement that the appeal has no merit and that no brief will be filed on defendant's behalf. Rather, counsel was said to be required to file a brief referring to anything in the record that might arguably support the appeal. A copy of that "brief" is to be provided to the defendant, and the defendant is to be afforded time within which to raise any points. The court held that, if the state appellate court receives a proper "*Anders* brief," it is still then obligated to review the record itself to determine whether there are any arguable legal points. If the state appellate court, after reviewing counsel's brief, the defendant's brief and the record, also determines that there are no arguable legal points to be raised, it may allow counsel to withdraw and either dismiss the appeal or, if required by state law, proceed to a decision on the merits.

*State v. Horine,* 64 Or App 532, 669 P2d 797 (1983), is this court's interpretation of *Anders* as applied to Oregon circumstances. We stated that we would follow *Anders* to the extent that appointed counsel is required to examine the record and the law conscientiously as an advocate and to raise whatever issues arguably support a reversal. Further, if counsel determines that there are no non-frivolous issues to be raised, this court and the defendant are to be notified and the defendant may then choose to present issues in a *pro se* brief. We departed from *Anders* in that, if counsel concludes that there are no non-frivolous issues that could fairly be raised, a conclusory statement to that effect would be sufficient for this court to permit counsel to withdraw and also to affirm the judgment, unless the defendant, within 30 days of being notified by counsel of the motion to withdraw, notifies this court that he wishes to proceed with his appeal himself.[1]

---

[1] Since *Horine* was decided, no defendant has given this court such a notice.

In 1988, the Supreme Court decided two cases about the role of state appellate courts and appointed counsel in criminal cases. In *McCoy v. Court of Appeals of Wisconsin,* 486 US 429, 108 S Ct 1895, 100 L Ed2d 440 (1988), the Court upheld a Wisconsin rule of appellate procedure that requires court-appointed counsel moving to withdraw to file a brief identifying anything in the record arguably supporting the appeal and "a discussion of why the issue lacks merit." Counsel for the defendant on appeal had filed a brief containing a statement of facts, four arguments for reversal, a prayer for reversal, a statement that further appellate proceedings on behalf of the defendant would be frivolous and without any arguable merit and a prayer for leave to withdraw. The brief did not contain an explanation of the reasons why counsel believed that the appeal was frivolous. The Wisconsin Court of Appeals ordered the brief stricken and directed counsel to prepare a brief complying with the court rule. Counsel declined to do so and filed an action challenging the constitutionality of the rule of appellate procedure. On certiorari, the United States Supreme Court upheld the rule.

That case has no immediate impact on Oregon, because neither our rules of appellate procedure nor our case law require the kind of explanation imposed by Wisconsin. However, the Supreme Court's rationale for upholding the Wisconsin rule *is* important. First, the Court reasoned that the explanation of why a particular assignment of error lacks merit provides additional evidence that appointed counsel has, in fact, diligently searched the record and reviewed the law. Second, and perhaps of more importance as far as this court is concerned, the Court said that the required explanation aids the appellate court in the discharge of its independent duty to search the record to determine whether the appeal is frivolous.

*Penson v. Ohio,* 488 US 75, 109 S Ct 346, 102 L Ed 2d 300 (1988), is similar to *Anders* and is particularly significant, because the Court held that the appellate court's handling of the case insufficient *notwithstanding its having made an independent review.* The Ohio Court of Appeals had allowed the defendant's court-appointed lawyer to withdraw from the case on the basis of his certificate that he had reviewed the record and had found no errors requiring reversal of the conviction or modification or vacation of the sentence. The Ohio court then

made an independent review of the record. It noted that counsel's certification that the appeal was meritless was questionable, and it found several arguable errors. The court ultimately determined that plain error had been committed in the jury instructions on one count and reversed the conviction on that count, but it concluded that the defendant had not been prejudiced by his counsel's failure to review the record more conscientiously and that he had received the benefit of the briefs filed on behalf of two co-defendants.

It is signficant that the Supreme Court in *Penson* reiterated the holding of *Anders* that a state appellate court must independently review the record to determine whether any arguable legal points exist, because, if after making such a review the court concludes that the appeal is not frivolous, counsel may not be permitted to withdraw or new counsel must be appointed. The court also stated that the initial motion to withdraw should have been denied, because counsel "failed to draw attention to anything in the record arguably supporting the appeal." The Court again stated that the purposes of an "*Anders* brief" are to demonstrate that counsel has, in fact, thoroughly searched the record and reviewed the law and to assist the appellate court in its own review of the record.

There are many conceptual and logical problems with the *Anders* decision; they were well-delineated by Judge Gillette in *State v. Horine, supra,* 64 Or App at 537. Those problems have not been obviated in the least by *McCoy* and *Penson.* Indeed, they were not even acknowledged. The concept that an accused person is presumed innocent until proven guilty seems to have been perverted to a principle that a convicted person is presumed to have been subjected to reversible error unless an independent review by appointed counsel and some number of appellate judges determines otherwise. *Anders, McCoy* and *Penson* appear to presume that reversible error has probably been committed in most cases and that the problem is that appointed counsel simply has not diligently ferreted it out. In Oregon, there is no reason to believe that trial judges routinely commit reversible error. Moreover, there is no reason to believe that the legal system in Oregon routinely fails to identify and rectify error.

Nonetheless, in any case in which an indigent party

has a constitutional right to appointed counsel, counsel will not be permitted to withdraw on the ground that the appeal lacks merit unless *all* of these conditions are satisfied: (1) Counsel has conscientiously reviewed the trial court record and conducted appropriate research and has determined that there are no meritorious issues to be raised on appeal; (2) counsel has talked with the trial counsel and the defendant, and neither has identified any arguably meritorious issue; (3) the defendant has not identified any reviewable issue, meritorious or otherwise; and (4) counsel has filed a brief (not merely a memorandum or a motion) complying with the Oregon Rules of Appellate Procedure.[2]

■     In circumstances under which counsel may not withdraw, we hold that counsel must at least inform the court of every issue that the defendant wants raised, even though the Supreme Court has held that, in the exercise of professional judgment, counsel may choose not to raise even meritorious issues. *See Jones v. Barnes,* 463 US 745, 103 S Ct 3308, 77 L Ed 2d 987 (1983). However, we believe that the defendant and the court will be served better by counsel's filing a brief that raises the issues that the defendant wants to assert, even if those issues are, in counsel's judgment, frivolous or absurd. If there are facts in the record that contradict the defendant's view of the facts or there are no facts in the record to support the defendant's view, counsel shall say that in the brief. Similarly, if counsel believes that any legal argument is controlled by adverse statutory or case law, counsel likewise shall draw the court's attention to that authority in the same manner that counsel is required to do in any kind of case. What we cannot do is to relieve counsel from the responsibility of filing any brief whatsoever, unless the defendant agrees.

■     In *State v. Balfour,* defendant apparently feels that the stipulation that he entered into should be set aside and, if his conviction should stand, that he should not receive jail time in the light of the pre-sentence report and the district attorney's recommendation. It may be that case law is well-settled and adverse to defendant on those issues or that the actions of the trial court were within its discretion. However,

---

[2] Even though the Oregon Rules of Appellate Procedure provide that the court will consider only errors preserved in the lower court, ORAP 7.19(4), that provision is not applicable to *Anders* cases.

it is preferable from both the point of view of this court and defendant, and constitutionally mandated, that counsel raise those issues on appeal in a brief.

■ Similarly, in *State v. Briant,* it may be, as counsel suggests, that the evidence is such, even disregarding arguably inadmissible evidence, that we would conclude on *de novo* review that the trial court did not err in finding defendant to be a mentally ill person. However, that is a decision for this court, not counsel. Again, it is preferable from the point of view of this court and the defendant for counsel to file a brief raising the sufficiency issue and for the state to file a brief, if it feels it necessary to rebut defendant's assignment of error, rather than for counsel to withdraw on the ground that no issues whatsoever can be identified.

■ Counsel's request to withdraw in *Thomas and Thomas* does not make any suggestion of error. The motion also does not state that counsel has consulted with the trial counsel or defendant. Assuming, as we must, that defendant had some reason to take an appeal, counsel should ascertain what that reason is and, if possible, articulate the reason in a brief.

■ Lastly, in *State ex rel Juv. Dept. v. Stock,* it does not appear that counsel has consulted with defendant to determine what issues she wants raised. That is the starting point for complying with this opinion.

Motions to withdraw denied. Counsel in each case shall have 28 days from the date of this decision to file a brief.