Submitted on record and briefs June 22, brief stricken September 5, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# LEN ANTHONY THOMPSON,
*Appellant.*

(C88-12-38206; CA A60935)

797 P2d 378

Stephen Shurin, Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem, waived appearance for respondent.

Before Rossman, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

■ Defendant was indicted for robbery in the first degree, ORS 164.415, and convicted of robbery in the second degree, ORS 164.405. He has appealed. His appointed appellate counsel has filed a brief summarizing the facts (without references to the transcript, in violation of ORAP 5.40(8)) and stating two assignments of error: the denial of defendant's motion for judgment of acquittal on the first degree robbery charge and the giving of an instruction on the jury's deliberations on lesser included offenses. The rest of the brief consists essentially of statements of why the contentions raised "are rendered moot as a result of the jury's decision to find the Defendant not guilty of the greater charge and guilty of the lesser included offense * * *."

The brief represents that appellate counsel has talked with trial counsel, that trial counsel did not identify any arguably meritorious issue, that counsel has attempted to talk with defendant by telephone but has been unsuccessful in reaching him and that defendant has not responded to a letter from counsel. Then, "Counsel invites the Court to search the record for possible error. Counsel invites the appellant to raise whatever issues he feels to be relevant." The last thing in the brief is a statement that counsel, "after conscientious review of the trial court record and appropriate research, fails to discern any meritorious issues for appeal."

In the time since this court's decision in *State v. Balfour,* 100 Or App 1, 784 P2d 1103 (1989), *rev allowed* 310 Or 60 (1990), it has become apparent that our attempt to create specific Oregon procedures to satisfy the constitutional standards stated or restated in *McCoy v. Court of Appeals of Wisconsin,* 486 US 429, 108 S Ct 1895, 100 L Ed 2d 440 (1988), and *Penson v. Ohio,* 488 US 75, 109 S Ct 346, 102 L Ed 2d 300 (1988), has not been entirely successful, judging from the variety of different responses we have seen from counsel, including this one.

The heart of the *Balfour* decision is this language:

"Nonetheless, in any case in which an indigent party has a constitutional right to appointed counsel, counsel will not be permitted to withdraw on the ground that the appeal lacks merit unless *all* of these conditions are satisfied: (1) Counsel

has conscientiously reviewed the trial court record and conducted appropriate research and has determined that there are no meritorious issues to be raised on appeal; (2) counsel has talked with the trial counsel and the defendant, and neither has identified any arguably meritorious issue; (3) the defendant has not identified any reviewable issue, meritorious or otherwise; and (4) counsel has filed a brief (not merely a memorandum or a motion) complying with the Oregon Rules of Appellate Procedure.[2]

"In circumstances under which counsel may not withdraw, we hold that counsel must at least inform the court of every issue that the defendant wants raised, even though the Supreme Court has held that, in the exercise of professional judgment, counsel may choose not to raise even meritorious issues. *See Jones v. Barnes,* 463 US 745, 103 S Ct 3308, 77 L Ed 2d 987 (1983). However, we believe that the defendant and the court will be served better by counsel's filing a brief that raises the issues that the defendant wants to assert, even if those issues are, in counsel's judgment, frivolous or absurd. If there are facts in the record that contradict the defendant's view of the facts or there are no facts in the record to support the defendant's view, counsel shall say that in the brief. Similarly, if counsel believes that any legal argument is controlled by adverse statutory or case law, counsel likewise shall draw the court's attention to that authority in the same manner that counsel is required to do in any kind of case. What we cannot do is to relieve counsel from the responsibility of filing any brief whatsoever, unless the defendant agrees.

---

"[2] Even though the Oregon Rules of Appellate Procedure provide that the court will consider only errors preserved in the lower court, ORAP 7.19(4), that provision is not applicable to *Anders* cases." 100 Or App at 10.

■     That language apparently has led some counsel to conclude that withdrawal from a case will be permitted if counsel cannot identify what he considers to be a meritorious issue and files a brief *either* raising nonmeritorious issues (and explaining why those issues lack merit) *or* stating that neither appellate counsel, trial counsel nor the client has identified any issues whatsoever. *Balfour* apparently failed to make clear enough that counsel will be allowed to withdraw *only* in the latter situation, that is, when neither appellate counsel, trial counsel nor the client has identified *any* issue to be raised on appeal.

Moreover, some counsel have construed the requirement that counsel draw the court's attention to adverse evidence (or the absence of evidence) in the record or to adverse authority as a requirement that counsel brief the case against the client.

■■ Misinterpretation of *Balfour* (or our failure to make our holding clear) has resulted in many instances of briefs that identify possible errors and then follow that, in some cases, with several pages of text explaining why those issues have no merit. Those briefs typically conclude with an invitation to the court to search the record for error and a request for leave to withdraw. We did not intend that appointed counsel ever brief a case against the client; that is the role of opposing counsel.[1] We intended that counsel do what is ethically required. If counsel has identified an error or issue that the client wants raised (or an issue that counsel has identified but believes has no merit), the brief should discuss it in a manner as favorable to the client as is ethically possible.

■ No brief should conclude with a request for leave to withdraw or with an invitation to the court to search the record for error. If counsel believes that he is entitled to withdraw, the request should be in the form of a motion, not a brief. The motion should demonstrate that counsel has conscientiously reviewed the trial court record and conducted appropriate research and has determined that there are no meritorious issues to be raised on appeal, that counsel has talked with trial counsel and the client and that neither has identified any issue, meritorious or otherwise.

Counsel in this case has submitted a brief which identifies two issues and follows them by a lengthy explanation of why the issues have no merit. That explanation is not counsel's proper function. The concluding material that, in

---

[1] In *McCoy v. Court of Appeals of Wisconsin, supra,* the plaintiff challenged a Wisconsin Court of Appeals rule requiring appointed counsel moving to withdraw to file a brief to identify any issue in the record arguably supporting the appeal and to discuss why the issue lacks merit. The plaintiff, a lawyer, contended that the appellate court rule in effect required counsel to brief the case against his client. Although the United States Supreme Court upheld the rule, this court has not adopted a similar rule, either in the Oregon Rules of Appellate Procedure or in the *Balfour* decision. There is a distinct difference between explaining why an issue has no merit (a task we believe to be the opposing party's) and drawing the court's attention to adverse evidence or adverse law.

essence, states that counsel has unsuccessfully attempted to contact his client, recites that counsel has failed to discern any meritorious issues and invites the court to search the record for possible error and requests leave to withdraw from the case is also not a proper part of the brief. The court on its own motion strikes the brief.

Brief stricken.