On petition for court-appointed attorney fees filed August 14, 1991, petition for attorney fees allowed in the amount of $225 February 12, 1992

ROBERT E. LEE,
*Petitioner,*

*v.*

Manfred MAASS,
*Respondent.*

(88-C-11402; CA A65399)

826 P2d 97

Steven H. Gorham, Salem, for the petition.

No appearance *contra.*

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

In this post-conviction relief case, petitioner argued that his criminal trial was unlawful, because the flag in the courtroom had a fringe on it and was therefore a Maritime flag and he had not consented to be tried in a Maritime jurisdiction. The trial court dismissed the petition, and we affirmed on appeal without opinion. Pursuant to ORS 138.500(4) and (5) and ORAP 13.15, petitioner's counsel now petitions for attorney fees.

■ ■ Although we follow the form of referring to arguments made by "petitioner," that, of course, means "counsel, on behalf of petitioner." This case reflects an abuse of the judicial system and is made worse by the fact that the public is being asked to pay all of its costs, including attorney fees.

ORAP 1.40(3) adopts ORCP 17 "as a rule of appellate procedure * * *." Under the rule, "[t]he signature [by an attorney] constitutes a certificate * * * that to the best of the knowledge, information and belief of the [attorney] it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law * * *." That certificate could not reasonably have been made in this case. Counsel is entitled to reasonable compensation at a fixed hourly rate; he is not entitled to make unreasonable claims for compensation. *State v. Longjaw*, 307 Or 47, 761 P2d 1331 (1988).

Under ORCP 17, we impose this sanction: Counsel will be paid only for the time expended in preparing a notice of appeal, review of the record and other activities preceding preparation of the brief.

Petition for attorney fees allowed in the amount of $225.[1]

---

[1] Although we will not approve publicly paid fees and expenses for making frivolous arguments by counsel, we note that criminal defendants are entitled to present their own arguments when appointed counsel concludes that there are no non-frivolous issues that can be raised. *See State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991).