Submitted on appellant's petition for reconsideration on attorney fees filed April 8, 1992, reconsideration allowed; opinion (111 Or App 412, 826 P2d 97 (1992)) adhered to March 3, 1993

# ROBERT E. LEE,
*Appellant,*

*v.*

# Manfred MAASS,
*Respondent.*

## (88-C-11402; CA A65399)

847 P2d 890

Steven H. Gorham, Salem, for the petition.

No appearance *contra.*

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

On the merits of this case, we affirmed without opinion. 108 Or App 194, 813 P2d 1140 (1992). Petitioner's court-appointed counsel then submitted a certification of compensation and expenses pursuant to ORS 138.500(4) and (5) and ORAP 13.15. We disallowed compensation for part of the time that counsel expended preparing petitioner's brief and preparing for oral argument, because we determined that the argument advanced by counsel on petitioner's behalf was frivolous.[1] 111 Or App 412, 826 P2d 97 (1992). Counsel has petitioned for review. We treat the petition as one for reconsideration by this court. ORAP 9.15(1). We allow the petition but adhere to the compensation award. The issue is whether we should certify time expended by court-appointed counsel in preparing the brief and preparing for oral argument when the primary issue asserted in the brief and at oral argument was frivolous.

Counsel claimed a total of 18.7 hours. We allowed compensation for 7.5 hours for preparing the notice of appeal, reviewing the record and other activities preceding preparation of the brief, and disallowed the remainder.[2] In a footnote, we said:

"Although we will not approve publicly paid fees and expenses for making frivolous arguments by counsel, we note that criminal defendants are entitled to present their own arguments when appointed counsel concludes that there are no non-frivolous issues that can be raised. *See State v.*

---

[1] As we said,

"[P]etitioner argued that his criminal trial was unlawful, because the flag in the courtroom had a fringe on it and was therefore a Maritime flag and he had not consented to be tried in a Maritime jurisdiction." 111 Or App at 413.

The trial court had denied post-conviction relief on two grounds: (1) Petitioner had filed a previous post-conviction relief proceeding and had failed to raise the issue in that proceeding or to provide a satisfactory explanation of his failure to do so; and (2) the Maritime jurisdiction issue had no merit. Counsel's brief devoted three sentences to the argument that petitioner had not waived the Maritime jurisdiction issue by failing to raise it in his first post-conviction relief case. The remaining seven pages of argument concerned the Maritime jurisdiction issue.

[2] The order that we issued after our opinion says that we deducted 11.2 hours. That order incorrectly indicated that we deducted the 11.2 hours for "matters preliminary to researching and writing the brief"; it should have said that the deduction was for hours spent researching and writing the brief and in preparation for and attendance at argument.

*Balfour*, 311 Or 434, 814 P2d 1069 (1991)." 111 Or App at 413.

Counsel contends that we should not have relied on the Supreme Court's decision in *Balfour* as a basis for reducing his claim for compensation. We agree, for two reasons. First, counsel filed his brief on petitioner's behalf in February, 1991, before the Supreme Court's opinion in *Balfour*. Counsel could not be expected to take direction from a decision that issued after he had prepared his brief. Second, the Supreme Court's decision in *Balfour* concerned only the obligation of court-appointed counsel on direct appeal in a criminal case, for which there is a federal constitutional right to appointed counsel on appeal. This is a post-conviction relief proceeding in which petitioner has, at best, a statutory right to court-appointed counsel on appeal, but no federal constitutional right.[3] Neither our decision on compensation nor the Supreme Court's decision in *Balfour* controls what obligation counsel has when counsel is unable to identify a meritorious issue to be raised on appeal, but the client wishes to assert a frivolous argument.

■ We reduced the number of hours allowed to counsel for compensation as a "sanction" under ORCP 17. Counsel suggests a number of reasons why reliance on ORCP 17 is misplaced. We agree that we do not need to rely on ORCP 17, which is made applicable to appellate cases by ORAP 1.40(3). ORS 138.500(4) requires us to "determine and certify a reasonable amount of compensation for counsel * * *." That statute requires that we reduce the hours claimed by counsel if we find that an argument asserted by counsel is frivolous, because it is unreasonable *per se* to assert a frivolous argument.

■ Counsel argues that, in addition to making a finding that counsel asserted a frivolous argument, we also must find that the lawyer did so in bad faith or for an improper purpose.

---

[3] ORS 138.590 expressly provides for appointment of counsel for indigent petitioners in post-conviction relief proceedings in the circuit court. There is no explicit statutory authority for appointment of counsel on appeal in post-conviction relief cases. Historically, the court has interpreted ORS 138.590, which authorizes appointment of counsel in "a proceeding pursuant to ORS 138.510 to 138.680," to authorize appointment of counsel on appeal because appeals in post-conviction relief cases are taken pursuant to ORS 138.650.

The cases cited by counsel, *Foster v. Mattiza*, 311 Or 1, 803 P2d 723 (1990), and *Westfall v. Rust International*, 312 Or 34, 815 P2d 1272 (1991),[4] concern statutes that contain provisions requiring some sort of animus as a condition of imposing sanctions. ORS 138.500(4) contains no such requirement. Our reduction of counsel's fee in this case was not based on a finding that counsel had acted in bad faith.

We certify time *reasonably* expended by counsel in preparing the brief. Counsel submitted a brief containing a single assignment of error and, but for three sentences devoted to the issue of whether petitioner was precluded from asserting the Maritime jurisdiction argument because of an earlier post-conviction relief proceeding, the brief deals exclusively with the Maritime jurisdiction issue. Counsel argues that it should have been obvious to the court that he was asserting a frivolous argument solely because his client insisted upon it: "[A] fair reading of the brief in this case and the oral argument * * * makes it obvious that the word 'Petitioner' meant Mr. Lee, not counsel." We disagree.

**3.**     Counsel's second problem relates to the amount of time that he expended preparing the frivolous argument. He contends that he was following the prescription of *our* decision in *Balfour* that

> "the defendant and the court will be served better by counsel's filing a brief that raises the issues that the defendant wants to assert, even if those issues are, in counsel's judgment, frivolous or absurd." *State v. Balfour*, 100 Or App 1, 10, 784 P2d 1103 (1989).

That passage does not authorize counsel to expend unnecessary amounts of time developing frivolous arguments. As with any professional service rendered by court-appointed counsel, ORS 138.500(4) requires that the services be reasonable. No reasonable lawyer could infer from our language in *Balfour* that counsel would be compensated for expending five hours preparing a frivolous argument. We do not fault counsel for *raising* the Maritime jurisdiction issue, but we will not approve compensation for spending that much time developing the argument at length. Nor will we approve

---

[4] The Supreme Court's second decision, *Westfall v. Rust International*, 314 Or 553, 840 P2d 700 (1992), does not have any bearing here.

compensation for the amount of time claimed for review of the state's brief and preparation for oral argument.

Reconsideration allowed; decision adhered to.