141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond Loy RAMPEY, Petitioner-Appellant,
v.
George H. BALDWIN, Superintendent, Respondents-Appellees.
 No. 97-35213.
D.C. No. CV-95-01852-TMC(MRH).
 United States Court of Appeals,
Ninth Circuit.
 .
Argued and Submitted Mar. 3, 1998.
Decided Mar. 18, 1998.
 
 Appeal from the United States District Court for the District of Oregon Michael R. Hogan, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raymond Rampey appeals from the district court's determination that he has procedurally defaulted on his claim that the post conviction relief he was given in Oregon violates his federal due process rights. We affirm.
 
 
 3
 The Oregon courts determined that Rampey's trial counsel had been ineffective because Rampey was not informed about the extent of his possible punishment at the time of his plea. They granted relief by limiting the maximum possible punishment to the level Rampey had expected. He appealed that determination on the ground that it violated his rights under Oregon's sentencing laws, but he did not claim that the federal constitution's requirement of due process had been violated. Thus, he has not exhausted that claim by fairly presenting it to the Oregon Supreme Court. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 887-88, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); Keating v. Hood, No. 96-56175, slip op. 369, 370-71 (9th Cir. Jan. 15, 1998).
 
 
 4
 More than that, however, he has no Oregon process left to him because he has procedurally defaulted by not raising his federal constitutional claim at the appropriate time. Rampey could easily have raised the claim when he took the trial court's resolution of his first post-conviction proceeding to the Oregon appellate courts. He didn't and can't now do so. See Or.Rev.Stat. § 138.550(2) (grounds that could be raised on direct appellate review cannot be raised in a petition for post-conviction relief); Or.Rev.Stat. § 138.550(3) (grounds must be asserted in first post-conviction proceeding if they can be); Or.Rev.Stat. § 138.650 (appeal from post-conviction determination). Oregon does not permit issues to be raised in a second post-conviction proceeding when they could easily have been raised and disposed of during the first one. See Church v. Gladden, 244 Or. 308, 311-12, 417 P.2d 993, 995 (1966) (even a claim of ineffective assistance of counsel during the first proceeding must be raised by the defendant himself during that proceeding).
 
 
 5
 Therefore, Rampey could only proceed with his habeas corpus claim in federal court if he could show cause and prejudice or manifest injustice. He does not even argue that he can, so we need not, and do not, consider those possibilities. See Entertainment Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997); petition for cert. filed, 66 USLW 3492 (U.S. Jan.13, 1998).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3