Submitted March 7, reversed and remanded April 9, petition for review denied July 10, 2014 (355 Or 751)

LAURENCE EDWARD McCALLISTER,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
10108379P; A149617

324 P3d 556

Erin Galli filed the opening brief for appellant. Laurence Edward McCallister filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals a judgment dismissing his petition for post-conviction relief. In his first assignment of error, petitioner asserts that the post-conviction court erred in failing to consider his request for court assistance under *Church v. Gladden*, 244 Or 308, 311-12, 417 P2d 993 (1966) (requiring post-conviction petitioner to "inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request"). Defendant concedes that the court so erred, and we agree. On August 25, 2011, petitioner filed a notice pursuant to *Church v. Gladden*, in which he asserted concerns about his post-conviction counsel's performance—*viz.*, failing to amend the original post-conviction petition to include new, valid claims; failing to conduct necessary investigation; and failing to properly respond to defendant's motion to dismiss—and requested that counsel be replaced or instructed by the court to adequately litigate petitioner's claims. On September 14, 2011, the post-conviction court granted defendant's motion to dismiss petitioner's post-conviction claim without having addressed petitioner's August 25 *Church v. Gladden* notice. We agree with defendant that that was error, and we reverse and remand on that basis. Given that disposition, we need not address petitioner's other assignments of error.[1]

Reversed and remanded.

---

[1] In his second assignment of error, petitioner contends that the post-conviction court erred in granting defendant's motion to dismiss. Petitioner also asserts, in a supplemental *pro se* brief, that the post-conviction court erred by failing to grant relief on a claim that the "trial court erred in denying Petitioner's motion to dismiss [the underlying criminal case] on grounds of the pre-indictment delay without making a proper record [for] such delay."