Submitted May 6, 2019, affirmed September 16, 2020, petition for review denied February 4, 2021 (367 Or 535)

EDWARD HARVEY STOKES,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12109681P; A164125

475 P3d 110

One week before petitioner's post-conviction trial, petitioner's counsel filed a motion to withdraw, representing that he had a mandatory duty to do so under the Oregon Rules of Professional Conduct. Then, the morning of the hearing, petitioner filed a motion to continue the trial so as to permit consideration of petitioner's motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), which had yet to be received by the court. Given extensive delays in the case and the untimeliness of the *Church* motion, the court denied both motions but indicated that counsel would have wide latitude during trial to avoid ethical conflicts. The court later denied petitioner's petition on the merits. Petitioner appeals, assigning error to the denial of counsel's request to withdraw and to the denial of the motion for continuance. *Held*: The post-conviction court did not abuse its discretion in denying petitioner's motion for a continuance, because petitioner's *Church* motion was untimely. Further, under *State v. Davis*, 345 Or 551, 581-82, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009), the court's decision to deny counsel's pretrial motion to withdraw to see how the trial would unfold was a permissible exercise of discretion.

Affirmed.

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the opening brief for appellant. Edward Harvey Stokes filed the supplemental brief *pro se*.

Frederick M. Boss, Deputy Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Affirmed.

## LAGESEN, P. J.

Petitioner appeals a judgment denying his petition for post-conviction relief. On appeal, in the brief submitted through counsel, he assigns error to (1) the post-conviction court's denial of his lawyer's motion to withdraw, filed one week before the scheduled hearing date; and (2) the post-conviction court's denial of his motion to continue the hearing date to allow for consideration of petitioner's motion filed under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966). In the *pro se* supplemental brief, petitioner argues that his post-conviction lawyer did not perform effectively, and he also contends that the post-conviction court relied on "an improperly reported prejudicial record" in rendering its decision and improperly relied on an "unsworn declaration." We affirm.

As recounted by the Supreme Court on petitioner's direct appeal, petitioner was convicted of four sex offenses and those convictions were affirmed on appeal. *See State v. Stokes*, 350 Or 44, 248 P3d 953, *cert den*, 565 US 920 (2011). After the completion of his direct appeal, petitioner filed this post-conviction proceeding at the beginning of October 2012. The post-conviction court appointed counsel to represent him. At the same time, the court issued an "Order Regarding Post-Conviction Relief Proceedings and Limited Judgment." Pertinent to this appeal, that order specified that any motions under *Church* were to be filed "[n]o later than forty-five (45) days after receipt of the amended petition."

A little more than three years later, after receiving numerous extensions of time, counsel filed an amended petition supported by 28 exhibits. The amended petition alleged two claims of ineffective assistance of counsel—challenging the performance of both trial counsel and appellate counsel—and one claim of prosecutorial misconduct. Petitioner did not file a *Church* motion within 45 days of the filing of the amended petition.

The superintendent responded to the amended petition by moving for summary judgment on some, but not all, of the specifications of ineffective assistance of counsel and on the claim of prosecutorial misconduct. The post-conviction court granted the motion.

Two days after entering the order on the motion for partial summary judgment, the post-conviction court held a status conference at which the parties reported ready for trial, which the court scheduled for December 6, 2016. Shortly thereafter, petitioner, through counsel, filed a trial memorandum detailing his theories of relief and supporting evidentiary exhibits.

Two weeks later, and one week before the scheduled hearing date, petitioner's appointed lawyer filed a motion to withdraw as counsel. Counsel represented that he had a mandatory duty to withdraw under Oregon Rule of Professional Conduct (RPC) 1.16(a)(1), but that he was precluded from disclosing the reason under RPC 1.6(a). Then, the morning of the hearing, petitioner filed a motion to continue the trial so as to permit consideration of petitioner's motion under *Church*. Counsel explained that petitioner had mailed the motion but that the court apparently had yet to receive it.

The post-conviction court addressed both motions on the hearing date, denying them both. On the motion for the continuance, and consistent with its initial scheduling order requiring any *Church* motion to be filed within 45 days of the filing of the amended petition, the court noted that the case had been pending for more than four years, that the amended petition had been filed in February of that year, and that petitioner had "had an opportunity since February to notify the court of any additional claims he wished to file" beyond those contained in the petition. For those reasons, the court viewed any *Church* motion as "untimely," such that it did not provide a basis for a continuance. As for counsel's motion to withdraw, the court explained that it understood that counsel might be put "in a difficult situation, but given the long delays, the history in this case, we're going to go forward with trial." The court stated that "[w]hatever the case may be," it would allow counsel "a lot of latitude to help [him] avoid any ethical issues."

Following the court's ruling, counsel requested permission to confer with petitioner regarding how petitioner wished to proceed. Following their conferral, counsel reiterated that the presiding judge had directed petitioner to raise

his issues through a *Church* motion. Counsel also put on the record that he and petitioner had not had any substantive communications about the case since October 25, because they had been attempting to work through ethical issues. Counsel stated further that "we're going to pass on that simply he's not prepared and could not be so," and "[p]etitioner will rely on the materials previously filed with this court for purposes of going forward." Counsel did not, however, request the post-conviction court to reconsider its earlier rulings in view of that additional information. Counsel also did not make any new motions based on that information. In particular, counsel did not request a continuance based on his representation that petitioner was not prepared for trial. Instead, as noted, counsel represented that petitioner would rely on the previously filed briefing and evidence. The post-conviction court took the matter under advisement.

Nine days after trial, petitioner's *Church* motion was received and filed with the court. The post-conviction court entered an order denying it as untimely, based on its earlier ruling at trial that any such motion would be untimely. The post-conviction court later denied the petition on the merits.

Petitioner appealed. On appeal, he assigns error to the denial of counsel's request to withdraw and to the denial of the continuance.

We review a trial court's ruling on a lawyer's motion to withdraw for abuse of discretion. *State v. Davis*, 345 Or 551, 579, 201 P3d 185 (2008), *cert den*, 558 US 873 (2009). Here, petitioner argues that, in view of counsel's representation to the court that he had a mandatory duty to withdraw under the Oregon Rules of Professional Conduct, the post-conviction court had no choice but to grant counsel's motion. The superintendent responds that, under the Supreme Court's decision in *Davis*, the post-conviction court both had the discretion to deny the request to withdraw and acted within its discretion by denying it.

We agree with the superintendent. In *Davis*, counsel for the defendant moved to withdraw right after trial had started on the ground counsel was "'completely and totally professionally compromised.'" *Davis*, 345 Or at 581. The trial

court denied the motion, explaining that counsel could raise the motion again during trial if need be, but that the court was not persuaded by what it had seen that counsel could not discharge his professional obligations, even with the strain on the relationship. *Id*. at 581-82. On appeal to the Supreme Court, the defendant contended that the attorney's representation that he was "professionally compromised" required the trial court to grant the motion to withdraw. *Id*. The Supreme Court "decline[d] to adopt such a *per se* rule," and concluded that the trial court's handling of the motion did not represent an abuse of discretion, particularly given that the court's ruling did not foreclose counsel from raising the issue again. *Id*.

Here, petitioner appears to be arguing in favor of the sort of *per se* rule that the Supreme Court rejected in *Davis*. He contends that, based on counsel's representation about his professional conflict, "the court had one legally correct option: allow trial counsel to withdraw." But *Davis* refused to adopt an analogous proposition. Beyond that, similar to *Davis*, the court told counsel it would give counsel "a lot of latitude" to "avoid ethical issues." Although that is not the same as telling counsel that counsel could reraise his motion to withdraw at trial if his ethical concerns came to fruition, it reflects that the post-conviction court accounted for counsel's ethical concerns and remained open to addressing them should they manifest as the hearing unfolded. In view of *Davis*'s rejection of the *per se* rule that petitioner advocates, as well as its apparent acceptance of the wait-and-see approach adopted by the trial court there, we are unable to conclude that the post-conviction court's denial of counsel's request to withdraw under similar circumstances was an abuse of discretion. That is, the court was not required to grant counsel's request, and the decision to wait to see what happened at trial was a permissible one.

We reach the same conclusion with respect to the post-conviction court's denial of petitioner's motion for a continuance. As with a ruling on a request to withdraw as counsel, we review for abuse of discretion. *State v. Parker*, 317 Or 225, 231, 855 P2d 636 (1993). Here, the only stated basis for the continuance was to permit consideration of petitioner's

*Church* motion, which had not yet arrived in the mail. But that motion was untimely, filed long past the 45-day deadline imposed by the court's order, as the post-conviction court correctly recognized. *Cf. Bogle v. State of Oregon*, 363 Or 455, 475, 423 P3d 715 (2018) (noting that courts may impose deadlines on *Church* motions). Moreover, petitioner supplied the court with no reasons as to why, notwithstanding its untimeliness, petitioner's situation was such that his *Church* motion warranted consideration on the merits nonetheless. Although we do not hold categorically that a continuance is never warranted for the purposes of consideration of an untimely *Church* motion, even in the presence of a scheduling order like the one issued here, on this record we cannot conclude that the post-conviction court abused its discretion in denying petitioner's request.

That leaves petitioner's *pro se* supplemental assignments of error. His two record-based challenges are unpreserved and we reject them for that reason. His remaining assignments of error assert that his post-conviction trial lawyer performed ineffectively. That is not a cognizable basis for reversing or setting aside the post-conviction court's decision. *See Miller v. Baldwin*, 176 Or App 500, 506-08, 32 P3d 234 (2001) (claim of inadequate post-conviction counsel is not a basis for post-conviction relief); *see also Hayward v. Premo*, 281 Or App 113, 119, 383 P3d 437, *rev den*, 360 Or 751 (2016), *cert den*, ___ US ___, 137 S Ct 2242 (2017) (alleged inadequacy of post-conviction counsel is not a basis to excuse a post-conviction petitioner's failure to raise a particular collateral challenge to a conviction or sentence).

Affirmed.