Submitted December 2, 2020; reversed in part and remanded for further proceedings consistent with this opinion, otherwise affirmed January 6, 2021

KENNETH EUGENE INMAN,
*Petitioner-Appellant,*

*v.*

Troy BOWSER,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
17CV11742; A170136

480 P3d 335

J. Burdette Pratt, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Reversed in part and remanded for further proceedings consistent with this opinion; otherwise affirmed.

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief. He raises two assignments of error, the first of which we reject without further discussion. In his second assignment of error, he contends that the post-conviction court applied the wrong legal standard in rejecting his motion under *Church v. Gladden*, 244 Or 308, 311, 417 P2d 993 (1966). Specifically, petitioner contends that the post-conviction court erred by rejecting the motion as untimely, and, further, by not applying the standard set forth in *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018), to determine whether petitioner was entitled to relief. The superintendent responds that the court permissibly denied the motion as untimely. The superintendent alternatively argues that the record is such that the post-conviction court could conclude, under the standard announced in *Bogle*, that petitioner was not entitled to relief.

We agree with petitioner. As for timeliness, post-conviction courts may set deadlines for *Church* motions and enforce those deadlines when set. *Bogle*, 363 Or at 475; *Stokes v. Cain*, 306 Or App 473, 479, 475 P3d 110 (2020). But here the court never entered a scheduling order or otherwise set a deadline for filing a *Church* motion. Absent such a deadline, there is no basis to conclude that a *Church* motion is untimely, at least where, as here, the motion is filed well before the start of the post-conviction trial and the record contains no affirmative evidence about the attorney-client relationship or petitioner's individual circumstances that would suggest that petitioner had been dilatory in filing the motion.

As for the *Bogle* standard, it required the post-conviction court to assess whether, in failing to include in the amended petition the additional claims that petitioner wished to assert, "counsel has failed to exercise reasonable professional skill and judgment." 363 Or at 473. *Bogle* further required the court to offer petitioner procedural alternatives, depending on its ruling. *Id*. at 474. The record reflects that the court did not apply the *Bogle* standard in denying petitioner's motion and, further, did not offer

petitioner the procedural options required under *Bogle*.[1] We therefore reverse and remand for reconsideration of petitioner's *Church* motion under the *Bogle* standard, as we have done in similarly situated cases. *See, e.g.*, *Vasilash v. Cain*, 300 Or App 542, 559-60, 454 P3d 818 (2019), *rev den*, 366 Or 257 (2020).

Reversed in part and remanded for further proceedings consistent with this opinion; otherwise affirmed.

---

[1] The hearing on petitioner's motion was held not too long after the Supreme Court's decision in *Bogle*. The record reflects that the parties and the court were aware of the "recent case," but were uncertain of how it applied.