Submitted October 30, 2020; reversed in part and remanded for further proceedings consistent with this opinion, otherwise affirmed March 31; petition for review denied August 26, 2021 (368 Or 513)

ANDREW ROBERT LOBO,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
15CV1504; A170445

484 P3d 1104

Petitioner appeals from a trial court judgment denying post-conviction relief, raising two assignments of error, arguing that the trial court erred in failing to hold a hearing on the merits of his motion filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), and in failing to make the inquiry required under *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). The superintendent concedes that the trial court failed to make the inquiry required by *Bogle*, but urges us to find the error harmless and affirm. *Held*: The error, as conceded by the superintendent, was not harmless.

Reversed in part and remanded for further proceedings consistent with this opinion; otherwise affirmed.

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

JAMES, J.

Reversed in part and remanded for further proceedings consistent with this opinion; otherwise affirmed.

**JAMES, J.**

Petitioner appeals from a trial court judgment denying post-conviction relief, raising two assignments of error. We reject the first without discussion and write only to address his second. There, petitioner argues that the trial court erred in failing to hold a hearing on the merits of his motion filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), and in failing to make the inquiry required under *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). The superintendent concedes that the trial court failed to make the inquiry required by *Bogle*, but urges us to find the error harmless and affirm. We cannot confidently conclude the error here was harmless, and accordingly, reverse and remand for the limited purpose of having the post-conviction court conduct a hearing on petitioner's *Church* motion under the standard set by *Bogle*.

The facts pertinent to our decision are procedural. After being appointed post-conviction counsel, defendant filed a *Church* motion alleging that post-conviction counsel was failing to include four additional claims. Petitioner asked the court to either replace his post-conviction attorney or instruct counsel to add the four particular claims to his post-conviction petition. The post-conviction court scheduled a hearing for September 20, 2017, but at that hearing explained that it would not be addressing the substance of petitioner's *Church* motion:

> "THE COURT:   Alright, so this hearing was originally set to address *Church* claims in the manner that this court traditionally addressed *Church* claims, which was a long process where the person who wanted to move the *Church* claims forward would essentially talk about their claims that they want filed. The attorney would respond stating on the record the reasons why the attorney didn't feel that the claims were appropriate or did not have merit.
>
> "That process is one that has—is not going to continue in Malheur County, and frankly I don't think will continue in the state of Oregon. There's been a recent case, I'm sure that the attorneys are aware of, [petitioner] may not be aware of it, and that is *Lopez v. Nooth*[, 287 Or App 731, 403 P3d 484 (2017)]. In that case, um, the appellate courts essentially told the circuit courts that that process was

not a process that should be used because it pits the attorney representing the petitioner in an adversarial position to their own client and effects their ability to be suitable counsel as is required by the statutes.

"So, we're not going to be having a *Church* hearing this morning, nor will we be having any *Church* hearings in the future here in Malheur County.

"What Judge Hung and I have discussed doing with these *Church* claims is as follows:

"What happens is the petitioner will file their claims with the court. And the court will simply file them as part of the record.

"And then what we're asking defense—I'm sorry, petitioner's counsel to do in these cases is to simply file a written letter with the court that advises the court as—as to each *Church* claim, if they will be filing an amended petition that incorporates the *Church* claim or if they will not be filing it. And the only thing that we need to know is that they will not be filing it. * * *

"* * * * *

"[POST-CONVICTION COUNSEL]:   Okay."

Petitioner's counsel ultimately filed a letter, as requested by the court indicating he would not be amending the post-conviction petition.

By the end of February 2019, when the post-conviction court resolved the claims in petitioner's petition, the Oregon Supreme Court had clarified that "the inquiry that a post-conviction court must make in response to a *Church* motion is whether the petitioner's complaint about counsel is legitimate," and in doing so, the court must assess "whether the petitioner has established that, in choosing which grounds for relief to raise, counsel has failed to exercise reasonable professional skill and judgment." *Bogle*, 363 Or at 473. "The post-conviction court has an obligation to consider and rule on the motion." *Id.* Neither petitioner, nor his attorney, nor the superintendent, alerted the court to the *Bogle* decision.

On appeal, petitioner claims that the post-conviction court erred in failing to address his *Church* motion and

simply requiring counsel to respond via letter. The superintendent concedes that the "post-conviction court should have assessed the legitimacy of petitioner's complaints." That concession is well taken.

The *Bogle* standard requires the post-conviction court to assess whether, in failing to include in the amended petition the additional claims that a petitioner wished to assert, "counsel has failed to exercise reasonable professional skill and judgment." 363 Or at 473. *Bogle* further requires the court to offer the petitioner procedural alternatives, depending on its ruling. *Id.* at 474. As we recently noted:

> "If the petitioner's *Church* complaint is based on counsel's refusal to raise a particular claim for relief, and the court declines to either substitute counsel or instruct counsel to raise the claim, then the petitioner has two ways to pursue the issue further. First, the petitioner may seek to dismiss counsel and proceed *pro se*. * * * Alternatively, the petitioner 'can continue with current counsel and, if need be, challenge the denial of the *Church* motion on direct appeal.'"

*Walton v. Myrick*, 301 Or App 740, 745, 459 P3d 250, *rev den*, 366 Or 692 (2020) (internal citations omitted).

Finally, we cannot conclude that the error here is harmless. The superintendent argues on appeal that the claims asserted in the *Church* motion "could not have provided a basis for relief." However, whether or not a claim would have been successful is not the inquiry. The inquiry is focused on whether reasonable counsel would include the claim. The nature and types of claims that a reasonable counsel would include is a highly fact-specific inquiry. On the one hand, not every meritorious claim must be raised. On the other hand, however, because of the preclusive effect of failing to raise a claim in post-conviction proceedings, reasonable counsel may include claims that have little to no likelihood of success under the current law, in order to preserve such claims for the future should the law change— Oregon's recent change in nonunanimous jury verdicts is a prime example. Here, the trial court never undertook the essential inquiry required under *Bogle*. Consequently, this record is devoid of factual findings pertinent to the ultimate

legal question. We therefore reverse and remand for reconsideration of petitioner's *Church* motion under the *Bogle* standard, as we have done in similarly situated cases. *See, e.g.*, *Inman v. Bowser*, 308 Or App 458, 460, 480 P3d 335 (2021); *Vasilash v. Cain*, 300 Or App 542, 559-60, 454 P3d 818 (2019), *rev den*, 366 Or 257 (2020).

Reversed in part and remanded for further proceedings consistent with this opinion; otherwise affirmed.