No. 505          July 24, 2024          1

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TRACY SCOTT WALLS,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV22814; A180261

Patricia A. Sullivan, Senior Judge.

Submitted June 14, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the briefs for appellant. Tracy Scott Walls filed a supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment denying his petition for post-conviction relief from convictions for one count of compelling prostitution and one count of promoting prostitution, which were entered after he pleaded no contest to those crimes. On appeal, he asserts two assignments of error through counsel and five *pro se* assignments of error.

Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

*First Counseled Assignment of Error.* In the first assignment of error that petitioner raises through counsel, he asserts that "the post-conviction court erred when it denied relief on petitioner's first claim, prosecutorial misconduct."

Petitioner's plea agreement provided, among other points, "OK to return phones to [petitioner's] sister." Petitioner contends that he had two cellphones; that the state returned only one of them after petitioner's plea; that the state destroyed the other; that, therefore, the state breached the plea agreement provision stating "OK to return phones to [petitioner's] sister"; and that he is entitled to post-conviction relief on that basis. The post-conviction court denied relief on that claim.

We conclude that the post-conviction did not err in doing so. "The Due Process Clause of the Fourteenth Amendment to the United States Constitution gives [a] defendant an enforceable right in the benefit of his bargain" with the government. *State v. Lynch*, 305 Or App 122, 126, 469 P3d 800 (2020). Thus, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *Id.* (internal quotation marks omitted); *see also Puckett v. United States*, 556 US 129, 137, 129 S Ct 1423, 173 L Ed 2d 266 (2009) (When "a defendant agrees to a plea bargain, the Government takes on certain obligations," and if they are not met, "the defendant is entitled to seek a remedy.").

But "a criminal defendant's due process right to enforce a plea agreement extends only to enforcement of material terms." *Lynch*, 305 Or App at 127; *see, e.g.*, *Campbell v. Smith*, 770 F3d 540, 546 (7th Cir 2014) ("[A] prosecutor's breach of a plea agreement can be actionable. However, if the breach is insubstantial, immaterial, technical, or cured, then the defendant is entitled to no relief." (Citation omitted.)).[1]

"Principles of contract law generally inform the determination of whether a plea agreement has been performed." *State v. King*, 361 Or 646, 648, 398 P3d 336 (2017). Under those principles, although we are mindful that terms "that are material to one kind of contract are not necessarily material to another kind of contract," generally speaking, "a breach is material if it goes to the very substance of the contract and defeats the object of the parties entering into the contract."[2] *Pistol Resources, LLC v. McNeely*, 312 Or App 627, 637, 496 P3d 28 (2021) (internal quotation marks omitted). In evaluating materiality, we have considered the circumstances set forth in the *Restatement (Second) of Contracts* section 241. *Pistol Resources*, 312 Or App at 638; *see also Venture Properties, Inc. v. Parker*, 223 Or App 321, 353-54,

---

[1] *See also United States v. Cruz*, 95 F4th 106, 112 (3d Cir 2024) ("[N]ot every breach requires cure. Some are extremely minor, causing no meaningful harm."); *United States v. Purser*, 747 F3d 284, 292 (5th Cir 2014) ("[M]inor breaches do not count. We *** once held that a breach of a plea agreement was immaterial. However, since the breach in this case cannot be characterized as immaterial, this mitigating doctrine does not apply."); *United States v. Vaval*, 404 F3d 144, 155 (2d Cir 2005) (holding that breach of plea agreement does not require a remedy where it has been "previously cured by specific performance" or "the violation is so minor that it does not cause the defendant to suffer any meaningful detriment" when considering "what the defendant reasonably understood to be the terms of the plea agreement, and whether his or her reasonable expectations have been fulfilled").

[2] The Supreme Court has cautioned, however, that "contract principles that apply in a commercial setting do not necessarily suffice for an analysis of a plea agreement, because the rights of criminal defendants not ordinarily found in contracts between private parties *** may override contractual principles." *King*, 361 Or at 648 (internal quotation marks omitted; omission in *King*).

But we note that, in this case, petitioner points to the aforementioned standard for determining whether a contract breach is material in advancing his arguments on appeal—*i.e.*, "a breach is material if it goes to the very substance of the contract and defeats the object of the parties entering into the contract"—and we discern no reason to depart from the well-established standards that generally apply to our consideration of contracts on the specific facts of this case.

195 P3d 470 (2008) (noting the *Restatement* "criteria" as the criteria under which we "assess" materiality).

The *Restatement* section 241 provides:

"In determining whether a failure to render or offer performance is material, the following circumstances are significant:

"(a)  the extent to which the injured party will be deprived of the benefit which he reasonably expected;

"(b)  the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

"(c)  the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

"(d)  the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

"(e)  the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing."

*Restatement* § 241.

In this case, petitioner entered into a plea agreement with the state under which he would plead no contest to one count of compelling prostitution and one count of promoting prostitution and, in exchange, the state would dismiss 51 other charges. Those other charges included 11 counts of compelling prostitution, one count of promoting prostitution, four counts of attempted promoting prostitution, five counts of first-degree rape, five counts of second-degree rape, five counts of first-degree sodomy, five counts of second-degree sodomy, five counts of delivering methamphetamine to a minor, eight counts of first-degree sexual abuse, one count of first-degree child neglect, and one count of felon in possession of a firearm. Petitioner ultimately received a sentence of 120 months' incarceration for the two counts to which he pleaded no contest, which was the sentence that the state had requested of the trial judge under the terms of the plea agreement.

According to petitioner's trial counsel, in negotiating the plea agreement, the amount of "time in prison"

was petitioner's "primary concern." In contrast, the return of petitioner's cellphones was not "an essential part of the negotiation" and was "tacked on later in the process."

Further, there was evidence in the record at the post-conviction hearing, which the post-conviction court expressly found credible, that would have allowed the post-conviction court to find that, when petitioner pleaded no contest to one count of compelling prostitution and one count of promoting prostitution, he was aware that "only one phone was still operational" and that the other phone "had been dismantled and was not repairable as part of a search warrant." The evidence also would have allowed the post-conviction court to find that petitioner was aware that the phone that had been destroyed by the state contained "graphic images of minors" and that the state would not turn over the entirety of the electronic data from the phone to petitioner. Finally, the evidence in the record would have allowed the post-conviction court to find that the state has offered to turn over "contacts, photos, etc.," from the destroyed phone (apart from the aforementioned "graphic images of minors"), as well as reimburse petitioner for the cost of the phone that was destroyed.

Considering the factors set forth in the *Restatement* and the facts of this case—including that petitioner was aware that one phone had been destroyed at the time that he pleaded guilty; that the state offered to provide petitioner access to the portion of data from the destroyed phone which it is not illegal to possess; that the state offered to compensate petitioner for the cost of the destroyed phone; and that the amount of "time in prison" was petitioner's "primary concern" in negotiating the plea agreement—we conclude that any breach by the state was not material. Any breach did not go "to the very substance of the contract and defeat[] the object of the parties entering into the contract." *Pistol Resources*, 612 Or App at 637.

*Second Counseled Assignment of Error.* In the second assignment of error that petitioner raises through counsel, he asserts that "the post-conviction court erred when it denied relief on petitioner's fourth claim, ineffective assistance of trial counsel." Specifically, petitioner contends that

trial counsel was "ineffective and inadequate for failing to advise petitioner that the jury would have to reach a unanimous verdict and, if it did not, petitioner could challenge the constitutionality of the conviction on direct appeal."

Petitioner's argument is foreclosed by *Smith v. Kelly*, 318 Or App 567, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (counsel was not constitutionally deficient for failing to advise his client that *Apodaca v. Oregon*, 406 US 404, 92 S Ct 1628, 32 L Ed 2d 184 (1972), could be overruled). And, in any event, the post-conviction court found petitioner not to be credible when he asserted that he would not have pleaded no contest if he had received adequate assistance of counsel. *Cox v. Howton*, 268 Or App 840, 842, 343 P3d 677 (2015) ("[W]e have consistently required post-conviction petitioners who have pleaded guilty to an underlying crime to prove by a preponderance of the evidence that they would not have pleaded guilty had they received adequate assistance of counsel.").

*First Through Third* Pro Se *Assignments of Error.* In his first through third *pro se* assignments of error, we understand petitioner to challenge the post-conviction court's denial of his motion pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), as untimely. That motion was filed on June 13, 2022, just three days before petitioner's post-conviction trial, which took place on June 16, 2022. Petitioner had previously filed a motion on February 22, 2021, but then withdrew that motion because counsel had "complied with [petitioner's] requests to do everything that [was] included" in the February 22 *Church* motion, including "add[ing] the claims that [petitioner] requested."

On this record, we discern no abuse of discretion in the denial of petitioner's June 13, 2022, *Church* motion. *Cf. Inman v. Bowser*, 308 Or App 458, 459, 480 P3d 335, *rev den*, 368 Or 347 (2021) ("Absent * * * a deadline [for filing *Church* motions], there is no basis to conclude that a *Church* motion is untimely, at least where, as here, the motion is filed *well before the start of the post-conviction trial* and the record contains no affirmative evidence about the attorney-client relationship or petitioner's individual circumstances that

would suggest that petitioner had been dilatory in filing the motion." (Emphasis added.)).

*Fourth* Pro Se *Assignment of Error.* In his fourth *pro se* assignment of error, petitioner contends that the trial court erred when it found that petitioner raised the issue of the purportedly breached plea agreement "before the Trial Court in a motion to set aside the plea, which was denied." Petitioner acknowledges that he filed a motion to set aside his plea in the criminal trial court, and that that motion was pending during his post-conviction proceeding, but he contends that the post-conviction court was wrong to include a finding that the criminal trial court had denied the motion to set aside his plea.

The difficulty with petitioner's argument is that, as we understand the post-conviction court's judgment, the question whether petitioner's motion to set aside the plea in the criminal trial court had already been denied or, alternatively, was currently pending, had no bearing on the post-conviction court's ruling that petitioner was not entitled to relief. Consequently, petitioner's fourth *pro se* assignment of error does not identify an error requiring reversal.

*Petitioner's Fifth* Pro Se *Assignment of Error.* In petitioner's fifth *pro se* assignment of error, he argues that the post-conviction judgment fails to "meet the requirement of ORS 138.640(1) that, 'The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was decided.'" Petitioner also contends that the judgment does not "make the legal bases for denial of relief apparent" as required under *Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010). In advancing those two arguments, petitioner points to the post-conviction court's acknowledgement in the judgment that "[t]his matter involves Federal and/or State Constitutional Issues."

Petitioner's fifth *pro se* assignment of error argument fails, because it disregards the other portions of the judgment on appeal, which do meet the requirements of ORS 138.640(1) as interpreted in *Datt*. The judgment sets out each claim and makes separate rulings as to each claim, and it explains the reasons for the post-conviction court's

denial of each claim. *Datt*, 347 Or at 685 ("We conclude that, to be clear, and to enable federal courts to determine habeas corpus jurisdiction, a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent.").

Affirmed.