Argued July 5, affirmed September 9, 1966

# CHURCH *v.* GLADDEN

417 P. 2d 993

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Wayne M. Thompson,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Petitioner, an inmate of the state penitentiary, appealed from an order of the trial court quashing his

petition for post-conviction relief. The defendant's motion to quash was based on the contention that petitioner had previously prosecuted another petition for post-conviction relief in which he either raised, or should have raised, all of his present adequately-stated grounds for relief.

Petitioner was indicted for first-degree felony murder on April 18, 1961, and pleaded guilty to second-degree murder, receiving a sentence of life imprisonment. The four grounds asserted in his petition and relied on for relief in this appeal are as follows:

1. The trial court was without jurisdiction to receive petitioner's plea of guilty to second-degree murder because second-degree murder is not a lesser included crime of first-degree felony murder.

2. Petitioner's plea of guilty was involuntary by reason of coercion, duress and promises of leniency.

3. The indictment against petitioner was based solely on testimony which was legally inadmissible.

4. Petitioner made incriminating statements to police officers following his arrest without being advised of his constitutional right to counsel and to remain silent, which statements induced his subsequent plea of guilty.

ORS 138.550(3) provides in part as follows:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in his original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition."

Petitioner alleges that the first and third grounds for relief stated above were not raised in his previous

post-conviction proceeding, but could not reasonably have been raised then because his court-appointed attorney failed and refused to do so, although requested to pursue such course of action by the petitioner. Petitioner also alleges that he did raise the second ground for relief in his previous post-conviction proceeding but that he was not given a fair and complete hearing on the issue because three of his witnesses were not present and did not testify, although petitioner requested his attorney to have them present and his attorney promised that he would do so. For the purposes of this opinion we will assume, without deciding, that each of the first three points raised by petitioner states an adequate ground for relief. The question is squarely raised whether petitioner has alleged sufficient reasons for failing to assert two of the present grounds for relief in his first petition, and for failing to exhaust all of his evidence on another ground at the prior hearing.

If petitioner has stated grounds for post-conviction relief which fall without the *res judicata* provision of ORS 138.550(3), it is absolutely impossible that there be any finality to this type of litigation. In each successive post-conviction proceeding all a petitioner need do is allege that his attorneys in each of his previous proceedings were unfaithful to their trust, and the door is open wide to relitigate *ad infinitum.*

In our opinion petitioner has not alleged sufficient reasons to escape the application of the *res judicata* provision of ORS 138.550(3). If petitioner's attorney in the first post-conviction proceeding failed to follow any legitimate request, petitioner could not sit idly by and later complain. He must inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by

the court to carry out petitioner's request. This is not too great a burden to place upon a petitioner when the attorney's failure to follow legitimate instructions takes place in petitioner's presence. All petitioner had to do was to speak to the court during his hearing on the first petition. He had immediate access to the judge by merely raising his voice. The words of this court in *Delaney v. Gladden*, 232 Or 306, 308, 374 P2d 746, cert. den. 372 US 945, 83 S Ct 940, 9 L Ed 2d 970 (1963), are equally applicable to the factual situation here:

> "* * * The state is not obliged to provide a forum to hear and rehear cases that have already reached a lawful termination. The issues attempted to be raised in this case were just as available at the time of the direct appeal as they are now."

Petitioner acquiesced in his attorney's failure to raise the issues and to call the witnesses when he did not call to the court's attention his desire to have additional matters presented.

Petitioner cites *Fay v. Noia*, 372 US 391, 83 S Ct 822, 9 L Ed 2d 837 (1963), and the concurring opinion of Mr. Justice Brennan in *Case v. Nebraska*, 381 US 336, 85 S Ct 1486, 14 L Ed 2d 422 (1965), for the proposition that state post-conviction procedure should eschew rigid and technical doctrines of forfeiture, waiver or default, and should be sufficiently comprehensive to embrace all federal constitutional claims.

He contends that the rule of *res judicata* should not be applied so as to prevent a petitioner from securing an opportunity for at least one full and fair hearing on all issues. *Townsend v. Sain*, 372 US 293, 83 S Ct 745, 9 L Ed 2d 770 (1963). He also asserts that a waiver must amount to an intentional relinquishment or abandonment of a known right or privi-

lege. *Johnson v. Zerbst,* 304 US 458, 58 S Ct 1019, 82 L Ed 1461 (1938). With these propositions we agree. However, taking these decisions into full consideration, petitioner has not, in our opinion, shown sufficient reasons for failing to avail himself of the opportunity to litigate completely his first three grounds for relief on his first petition.

■ Petitioner's fourth ground fails to state sufficient facts to entitle him to relief. He alleges that he could not have raised this ground on his previous post-conviction hearing because *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed 2d 977 (1964), which gave him this ground for relief, had not yet been decided. The rule of *Escobedo* has been held not to be of retroactive application. *Elliott v. Gladden,* 244 Or 134, 411 P2d 287 (1966); *Johnson v. New Jersey,* 384 US 719, 86 S Ct 1772, 16 L Ed 2d 882 (1966). Petitioner may not take advantage of any new rights bestowed by *Escobedo* because his conviction was final before *Escobedo* was decided.

■■ Petitioner complains that a demurrer rather than a motion to quash was the proper method of presenting defendant's position. When a motion by its content tests a petition's legal sufficiency and the trial court treats it as a general demurrer, this court will do likewise. *Schultz v. First Nat. Bk. of Portland et al,* 220 Or 350, 355, 348 P2d 22. The motion in this case adequately showed it was contesting the legal sufficiency of petitioner's first three grounds and stated the reasons. No harm was done petitioner by the dismissal of his fourth ground on the motion to quash because it is obvious it could never state adequate grounds for relief.

The judgment of the trial court is affirmed.