Argued September 16, affirmed November 14, 1969

STATE OF OREGON, *Respondent, v.*
ERVIN RAY GAFFIELD,
*Appellant.*
460 P. 2d 863

*Marvin S. Nepom,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

FOLEY, J.

This is an appeal after an order denying a motion for new trial, from a judgment of imprisonment based upon a conviction by the court, after waiver of jury, of the crime of assault and robbery being armed with a dangerous weapon.

The question presented is whether the representation afforded the defendant by court-appointed counsel falls short of that envisioned as constitutionally sufficient representation under the United States and Oregon Constitutions.

On October 21, 1967, an armed robbery occurred at Herb's Grocery in Multnomah County, Oregon. Two men participated, one armed with a gun and the other unarmed. The clerk on duty identified the defendant as the man without the gun. This same clerk

identified plaintiff's exhibit 6, a revolver, as the one that was used in the holdup. A customer who was in the store at the time of the holdup was unable to identify defendant but did identify plaintiff's exhibit 6 as the gun that had been pointed at him. The robbers escaped by car. A description of the car, including a portion of the license number, was obtained and furnished police. The following evening the attention of two detectives was drawn to a similar automobile parked on Southwest Broadway in Portland. When three men and two women had returned to this vehicle and entered it, the detectives asked the occupants to identify themselves and discussed ownership of the automobile with them. One of the three men, later identified as co-defendant Keith, claimed ownership. The officers asked the five to accompany them to the police station to clear up the matter of ownership of the car. They all agreed. At that point the officers opened the door on the passenger side of the vehicle and observed a sawed-off shotgun. The three male occupants were immediately arrested and taken to the police station. The car was then towed to the police basement. About a half-hour later a search was conducted and plaintiff's exhibit 6, the revolver allegedly used in the holdup, was found under the driver's seat or in the glove box.

Vickie Golden testified as an alibi witness for defendant. She stated that she and her husband and Gaffield were at the Golden home the entire night of the robbery without leaving. Mr. Golden was in the State Penitentiary at the time of the trial and did not testify. Defendant testified and denied being at Herb's Grocery the night of the crime. The court found the defendant guilty as charged.

Defendant filed a motion for a new trial and after a hearing on the motion in which defendant and his court-appointed counsel gave testimony, the court denied the motion. The defendant appeals.

■ Defendant makes four complaints against his court-appointed attorney. First, he claims that he should not have waived jury trial. Trial counsel testified that he had advised the defendant to try his case to the court partly because a judge would not look so unkindly upon the defendant's associating with another convict and partly because more liberal rulings upon the evidence might be made in a trial to the court. He then left the waiver up to him. Defendant's decision in this regard appears at the commencement of the trial:

"\* \* \* [State's attorney]: I understand from counsel there is a possibility the defendant may be willing to waive trial by jury. I have prepared a written waiver and will submit this to counsel.

"\* \* \* [Defendant's attorney]: I so informed the defendant and he's indicated to me that he wishes to waive a jury and try it before the Court.

"THE COURT: Now, Mr. Gaffield, you understand it's a constitutional right to have this matter tried by a jury which you have here and this is a constitutional right which you're waiving, and you knowingly—and you wish to have this Court try this matter rather than a jury?

"THE DEFENDANT: Yes, sir.

"THE COURT: And you fully have thought about this and discussed this with your lawyer \* \* \*?

"THE DEFENDANT: Yes, sir.

"\* \* \*

"THE COURT: And you're signing a waiver of the jury trial, is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. The Court will accept such waiver upon your execution of same. Let the record show that the Court has a waiver of jury trial which has been executed by the defendant and has been signed by him and also signed by his attorney * * * and, based on that, the Court signs an order waiving a jury trial."

This decision to waive the jury was clearly an informed one of the defendant and not the decision of his counsel.

■ Second, defendant claims his attorney failed to call his alibi witnesses. Defendant claimed as an alibi that he spent the night of the robbery with Mr. and Mrs. Golden in their home and that one June Harnisch had telephoned him there during the evening. Trial counsel testified at the hearing on the motion for a new trial that the court-authorized investigator he retained spent 23 hours and drove 82 miles attempting to locate witnesses named by the defendant. Counsel testified that on the night before the trial he spent four hours with the investigator before finding Mrs. Golden, and the next morning he personally went to Clackamas County, picked her up and brought her to court. Mrs. Golden was called as a witness and testified favorably to the defendant. Counsel testified that after discussion with defendant he decided not to call Mr. Golden because he was a convict and because his testimony would have been cumulative. Counsel advised that he did not call June Harnisch as a witness because she told counsel's investigator that she did not remember calling the defendant at the Golden home. Defendant's second contention has no

merit. Where defense counsel decides not to call a certain defense witness, the defendant is deemed to have acquiesced in that decision unless he makes timely complaint to the court. *Church v. Gladden,* 244 Or 308, 311-12, 417 P2d 993 (1966). The defendant made no timely complaint.

■ Third, defendant claims that his attorney should have filed a motion to suppress evidence prior to trial. Defense counsel testified that he did consider that possibility but decided against it because the motion to suppress had been urged unsuccessfully in co-defendant Keith's case and counsel was satisfied that the result would be the same in this case. Also, he concluded that the facts as told to him by the defendant did not warrant suppression. No objection was made during trial to the identification or introduction of plaintiff's exhibit 6, the gun, on the grounds of an illegal search or illegal seizure. Even if counsel made an error in judgment, which we do not decide, this does not render his representation inadequate or indicate incompetence.

The defendant's fourth claim is that his lawyer was not diligent but this was not expressed until after the trial. During the trial he made no complaint to his lawyer and even asked trial counsel to handle his appeal.

None of the defendant's complaints indicate inadequacy of representation or inadequate counsel.

"* * * [E]ven the most qualified and resourceful defense counsel cannot guarantee acquittal of the guilty * * *." *Benson v. Gladden,* 242 Or 132, 149, 407 P2d 634 (1965), cert den 384 US 908, 86 S Ct 1345, 16 L Ed 2d 360 (1966).

Affirmed.