Argued and submitted February 6, reversed and remanded September 13, 2017

ADAN GODINEZ LOPEZ,
aka Adan Lopez Godinez,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12129813P; A159785

403 P3d 484

Jason Weber argued the cause for appellant. With him on the brief was O'Connor Weber LLP.

Peenesh Shah argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and Garrett, Judge, and James, Judge.*

---

\* James, J., *vice* Duncan, J. pro tempore.

## JAMES, J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. On appeal, he assigns error to the post-conviction court's denial of his motion to substitute counsel. As discussed below, we conclude that the post-conviction court's determination that counsel was suitable was based on an incorrect understanding of a post-conviction counsel's obligations following the filing of a *Church* motion. *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966). Accordingly, we reverse and remand.

Petitioner's post-conviction claim began with the filing of a *pro se* petition. Appointed counsel filed a second amended petition on October 2, 2013. On April 28, 2014, petitioner filed a *pro se* motion, pursuant to *Church*, notifying the court of 27 additional claims for relief not raised by post-conviction counsel.

The post-conviction court scheduled a hearing on petitioner's *Church* motion, explaining:

"[A]s I've conducted in the past under *Church v. Gladden*, I go through the—through the claims that the petitioner wants to have filed; I ask his attorney why he has not filed those claims; and then if the state has anything they want to add they usually do and then I make a decision on a claim by claim basis."

Ultimately, due to scheduling, rather than respond orally to the court's request, post-conviction counsel filed a "Response to Petitioner's Church Motion" where counsel set out, in 27 enumerated paragraphs, a point-for-point refutation of his own client's *pro se* claims. At times, counsel's refutation is procedural, where he claims his client did "not identify the 'proper' argument that trial counsel should have made." At other times, counsel attacks the merits, where he says his client's "claim is not legally cognizable and facially fails to state a claim." At one point, he states that some of his client's claims are "hopelessly vague." Finally, even though his client claimed his innocence, and that he was not at the crime scene, post-conviction counsel states in his response "that petitioner may well not have been at the crime scene, but cannot certify that there exists a good faith basis in law or fact for this claim."

Following post-conviction counsel's filing of the "Response to Petitioner's Church Motion," petitioner moved to have new counsel appointed. At that hearing, post-conviction counsel summarized the situation:

"My understanding of [*Church*] is that the court *** says to post-conviction counsel, well why won't you bring these claims; what is it that is not, you know, meritorious about these claims? And I did that in writing given the number of claims involved; and that upset [petitioner].

"As he says, and I'm sure you read his declaration or his motion, he feels that I'm, you know, doing DOJ's job for [them] ***."

In denying petitioner's request for new counsel, the post-conviction court stated:

"You stated, essentially, that your attorney was working against you because he was sharing stuff with the AG's office or the attorneys representing the defendant. Well, when you bring something to the court like you did in a *Church v. Gladden* motion or a request for a hearing, your attorney is required by law to respond. And he can't talk to the court ex parte meaning he can't talk to the court without making sure everybody's aware of what he's saying to the court. So he's sharing—he's not sharing it with the AG's office because he wants to, he's sharing it because he's required to in response to your notice under *Church v. Gladden*."

In Oregon, actions for post-conviction relief are civil proceedings. *Schelin v. Maass*, 147 Or App 351, 355, 936 P2d 988, *rev den*, 325 Or 446 (1997). "Accordingly, the rights to counsel guaranteed by the Sixth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution, are inapplicable" to post-conviction proceedings. *Elkins v. Thompson*, 174 Or App 307, 314, 25 P3d 376 (2001).

However, the legislature has afforded petitioners in post-conviction proceedings not only the statutory right to counsel, but the right to "suitable" counsel:

"In the order to proceed as a financially eligible person, the circuit court shall appoint suitable counsel to represent petitioner. Counsel so appointed shall represent

petitioner throughout the proceedings in the circuit court. The court may not substitute one appointed counsel for another except pursuant to the policies, procedures, standards and guidelines of the Public Defense Services Commission."

ORS 138.590(4).

We review for abuse of discretion court decisions on motions to allow counsel to withdraw or to appoint substitute counsel. *See State v. Davis*, 345 Or 551, 579, 201 P3d 185 (2008) (reviewing for abuse of discretion court's denial of motions to allow counsel to withdraw in criminal case); *Temple v. Zenon*, 124 Or App 388, 392, 862 P2d 585 (1993) (reviewing for abuse of discretion court's denial of request for substitute counsel in post-conviction case). Discretion "refers to the authority of a trial court to choose among several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). However, when a trial court's exercise of discretion flows from a mistaken legal premise, its decision may not fall within the range of legally correct choices and may not always produce a permissible, legally correct outcome. *See, e.g., Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 116-17, 376 P3d 960 (2016) ("[A] trial court's decision may be legally impermissible because it was guided by the wrong substantive standard."); *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (explaining that, in some circumstances, a trial court can err if it "fails to exercise discretion, refuses to exercise discretion[,] or fails to make a record which reflects an exercise of discretion"); *State v. Pemberton*, 226 Or App 285, 289, 203 P3d 326 (2009) (holding that, under *Mayfield*, the exercise of discretion based on a mistaken premise of law can be a failure to properly exercise discretion).

In ruling on a request for substitution of counsel in a post-conviction proceeding, a court is determining whether existing counsel is "suitable" for purposes of ORS 138.590(4). In this case, in making its determination as to whether post-conviction counsel was suitable, it is clear that the court's decision was based on what the court understood to be required of counsel following a *Church* motion. That understanding was flawed.

A *Church* motion is simply the procedural mechanism by which a post-conviction petitioner informs the court of an attorney's failure to raise issues so as to avoid the preclusive effect of ORS 138.550(3). *Johnson v. Premo*, 355 Or 866, 876, 333 P3d 288 (2014). Nothing in that procedural mechanism necessitates a response by the post-conviction court, or post-conviction counsel. As this court has stated:

> "As we understand *Johnson*'s clarification of *Church*, *Church* did not require the post-conviction court to respond to petitioner's *pro se* claims by making the discretionary determination advocated by petitioner or to consider those claims on their merits. Rather, *Church* means simply that, to the extent the post-conviction court refused to consider those claims because they were not asserted through counsel, ORS 138.550(3) will not bar petitioner from pursuing them in a subsequent petition because he has followed *Church*'s directive by bringing those claims to the attention of the post-conviction court below in this proceeding."

*Bogle v. State of Oregon*, 284 Or App 882, 883-84, 395 P3d 643 (2017); *see also Winstead v. State of Oregon*, 287 Or App 737, 741-43, 403 P3d 444 (2017) (discussing *Church*).

The procedure employed by the post-conviction court in this case, in response to the *Church* motion, carries a number of pitfalls. At best, by compelling post-conviction counsel to explain why claims in the *Church* motion could not be raised in counsel's petition, a court creates a risk of disclosure of privileged attorney-client communications. At worst, and as happened here, the court puts post-conviction counsel in the position of arguing against the merits of counsel's own client's claims on the record.

To be sure, a post-conviction court may hold a hearing following the filing of a *Church* motion. And at that hearing, it is within the authority of the post-conviction court to order counsel to include some of the claims raised by the *pro se* motion. It would also be permissible to inquire why such claims cannot be included in the petition. But counsel's response to such an inquiry cannot reveal confidences, or become oppositional to the client. *State v. Thompson*, 103 Or App 240, 244, 797 P2d 378 (1990) ("We did not intend that appointed counsel ever brief a case against the client; that

is the role of opposing counsel."). In such a situation, counsel could indicate to the post-conviction court that counsel has reviewed the *pro se* claims raised, and, pursuant to Rules of Professional Conduct (RPC) 3.1,[1] has declined to amend the petition to include them.

Here, the post-conviction court approached the substitution of counsel request with a mistaken premise of law concerning counsel's obligations in response to a *Church* motion, and therefore, a mistaken premise of law as to what constituted "suitable" counsel under ORS 138.590(4).

This court need not delineate all the contours of what is "suitable" counsel for purposes of ORS 138.590. It is sufficient, for purposes of this case, to state that suitable counsel, at a minimum, is one who has not advocated against his client to the degree that occurred here, even if that advocacy resulted from a mistaken belief about the nature of a *Church* motion. By filing a memorandum arguing against the claims raised by his own client, post-conviction counsel set himself in an adversarial role, assuming the role of opposing counsel. Given the unique posture of this case, the post-conviction court abused its discretion in denying petitioner's substitution of counsel request, and we reverse and remand for the substitution of suitable counsel.[2]

Reversed and remanded.

---

[1] RPC 3.1 states:

"In representing a client or the lawyer's own interests, a lawyer shall not knowingly bring or defend a proceeding, assert a position therein, delay a trial or take other action on behalf of a client, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law, except that a lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration may, nevertheless so defend the proceeding as to require that every element of the case be established."

[2] In light of our disposition, we need not address the additional claims of error asserted in petitioner's *pro se* supplemental brief, and our disposition is not intended to preclude any further litigation of issues raised by suitable counsel on remand.