Submitted November 19; reversed and remanded for reconsideration of petitioner's *Church* motion, otherwise affirmed December 11, 2019; petition for review denied April 9, 2020 (366 Or 292)

LARRY LYDELL BELL, SR.,
*Petitioner-Appellant,*

*v.*

Kimberly HENDRICKS,
Superintendent,
Santiam Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
16CV20541; A167781

456 P3d 378

Petitioner appeals a judgment denying his petition for post-conviction relief. He assigns error to the post-conviction court's denial of relief on the single claim that he asserted through counsel in his amended petition: Trial counsel was ineffective for failing to object on double-jeopardy grounds when the state introduced additional enhancement factors on resentencing. Petitioner also assigns error to the post-conviction court's handling of his motion, filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), in which he sought to raise additional claims that had been raised in his original *pro se* petition. According to petitioner, the post-conviction court did not consider and rule on his motion in the way required by the Supreme Court's subsequent decision in *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). *Held*: Petitioner's assignment of error regarding the claim he asserted through counsel is foreclosed by the Supreme Court's holding in *State v. Sawatzky*, 339 Or 689, 125 P3d 722 (2005). However, the record does not reflect that the post-conviction court ruled in the manner required by *Bogle*, so the Court of Appeals remanded for the court to reconsider petitioner's *Church* motion in light of that decision.

Reversed and remanded for reconsideration of petitioner's *Church* motion; otherwise affirmed.

Linda Louise Bergman, Senior Judge.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Sercombe, Senior Judge.

LAGESEN, P. J.

Reversed and remanded for reconsideration of petitioner's *Church* motion; otherwise affirmed.

**LAGESEN, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief, advancing two assignments of error. In one of those assignments, he argues that the post-conviction court erred in denying relief on the single claim that he asserted through counsel in his amended petition: trial counsel was ineffective for failing to object on double-jeopardy grounds when the state introduced additional enhancement factors on resentencing. That argument is foreclosed by the Supreme Court's holding in *State v. Sawatzky*, 339 Or 689, 691, 125 P3d 722 (2005), and we reject it for that reason. *See id.* (concluding that a criminal defendant's "rights against former and double jeopardy do not prohibit the trial court from empaneling a jury to determine aggravating factors on which the trial court may rely in imposing sentences that exceed the presumptive range for the felony crimes to which [that defendant] pleaded guilty").

Petitioner also assigns error to the post-conviction court's handling of his motion, filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), in which he sought to raise additional claims that had been raised in his original *pro se* petition. At the time that petitioner advanced that motion, controlling decisions of this court had held that "[a] *Church* motion is simply the procedural mechanism by which a post-conviction petitioner informs the court of an attorney's failure to raise issues so as to avoid the preclusive effect of ORS 138.550(3)," and that "[n]othing in that procedural mechanism necessitates a response by the post-conviction court, or post-conviction counsel." *Lopez v. Nooth*, 287 Or App 731, 735, 403 P3d 484 (2017) (citing *Bogle v. State of Oregon*, 284 Or App 882, 883-84, 395 P3d 643, *aff'd on other grounds*, 363 Or 455, 423 P3d 715 (2018)). The Supreme Court had, by that time, allowed review of our decision in *Bogle*. 362 Or 281 (2017).

Based on the controlling cases from this court, petitioner's post-conviction counsel informed the court that petitioner's *Church* motion was merely preserving his claims. Counsel stated that petitioner

"did assert some *Church* claims. But of course the Court's not addressing this today. And I've explained to Petitioner

that those are as preserved as they're going to get. But that he—and he's done his best to try to litigate them. And so I wanted to point out on the record today that he's not forfeiting those claims. And he understands that he certainly could under—."

The court then interjected, "And I've read the *Church* claims. Knowing what the status of the law was but I did want to take a look at those because I saw that they've been tried."[1] The court did not thereafter refer to the *Church* motion or mention the claims in the *pro se* petition, focusing instead on the claim asserted through counsel in the amended petition.

After the post-conviction court entered its judgment denying relief, the Supreme Court issued its decision in *Bogle*, clarifying a post-conviction court's obligation when confronted with a *Church* motion. The Supreme Court rejected this court's view that a *Church* motion was a preservation mechanism that required no response from the court; rather, it held that "the steps that a post-conviction court takes in response to a *Church* motion may vary," but "[t]he post-conviction court has an obligation to consider and rule on the motion." *Bogle*, 363 Or at 473. The court explained:

> "When determining what steps to take in response to a *Church* motion and when ultimately ruling on the motion, a post-conviction court should consider the importance of post-conviction counsel, given the PCHA's strict *res judicata* provisions, and the fact that a petitioner cannot bring a subsequent post-conviction case to challenge the adequacy of post-conviction counsel. At the same time, the court should consider the potential problems that could arise if it intervenes too much in the attorney-client relationship. *** Generally, a post-conviction court presented with a proper *Church* motion should review the motion and give the petitioner a reasonable opportunity to establish the basis for replacement or instruction of the petitioner's current counsel. *** In some cases, a court may be able to make its ruling based solely on the petitioner's written motion; in other cases, a hearing may be required.

---

[1] It is not entirely clear from the record what the court meant by "they've been tried." Petitioner had submitted a memorandum in support of his *pro se* petition, but there is no indication that the claims were "tried" beyond that.

"If a post-conviction court denies a petitioner's *Church* motion, but the petitioner still wants to raise the grounds for relief that counsel has declined to raise, the petitioner can move to dismiss counsel and proceed *pro se* and, if that motion is granted, raise the grounds personally. Alternatively, the petitioner can continue with current counsel and, if need be, challenge the denial of the *Church* motion on direct appeal, just as a defendant can challenge the denial of a motion for substitution of counsel in a criminal case."

363 Or at 474.

On appeal, petitioner argues that the post-conviction court did not consider and rule on his motion in the way that the Supreme Court's decision in *Bogle* requires. *See State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (explaining that the court determines error based on the law as it exists at the time the appeal is decided, and not as it existed at the time of the ruling being reviewed).

The superintendent first responds that petitioner did not preserve that claim of error. We disagree. In light of then-controlling authority, which treated petitioner's *Church* motion as a mechanism to preserve his claims, he did everything that could be reasonably expected to present the motion and related claims to the court. *See Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008) ("What is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court.").

The superintendent next responds that the post-conviction court did, in fact, consider and deny the *Church* motion, as evidenced by the court's statement, "And I've read the *Church* claims. Knowing what the status of the law was but I did want to take a look at those because I saw that they've been tried." According to the superintendent, that is all that was necessary; *Bogle* does not require a court to explain the bases on which it has considered and rejected a *Church* motion.

Although the court's comments that it "read" and "did look at" the *Church* claims introduce some ambiguity regarding how it understood its obligation, they do not demonstrate the type of considered ruling that *Bogle* requires, particularly when they were immediately preceded by petitioner's counsel informing the court that the *Church* claims were preserved for future litigation but were not going to be addressed at that time. The post-conviction court did not express disagreement with that understanding but prefaced its comments by referring to the "status of the law." When viewed in that context, the court's subsequent comments do not reflect that it determined what steps were necessary to respond to the motion, considered whether petitioner had a reasonable opportunity to establish the basis for replacement or instruction of his current counsel, or ultimately ruled on those questions as *Bogle* now requires.

For that reason, we conclude that the appropriate disposition in this case is to remand for the post-conviction court to reconsider the *Church* motion in light of the Supreme Court's subsequent decision in *Bogle*, as we have done in other cases in which the post-conviction court was operating under contrary authority. *See Vasilash v. Cain*, 300 Or App 542, 559, 454 P3d 818 (2019) (remanding where "the court was operating on an understandable, but ultimately incorrect, perception of what it was required to do in response to petitioner's *Church* motion"); *Field v. Myrick*, 299 Or App 634, 639, 449 P3d 895 (2019) (remanding as to *Church* claims where, in light of *Bogle*, it was "apparent that the post-conviction court employed an incorrect analytical framework in this case").

Reversed and remanded for reconsideration of petitioner's *Church* motion; otherwise affirmed.