Argued and submitted November 12, 2019, affirmed June 30, 2021

MARLIN B. POHLMAN,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
16CV0005; A167292

493 P3d 1095

Petitioner appeals a judgment denying his request for post-conviction relief. He contends that the post-conviction court erred in denying his motion, filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1996), in which he sought to raise additional claims initially alleged in his *pro se* petition for post-conviction relief. Specifically, petitioner asserts that the court erred by applying the incorrect legal standard in reviewing his motion. The superintendent responds that those arguments were not preserved in petitioner's post-conviction proceedings. *Held*: Petitioner's arguments were not preserved.

Affirmed.

J. Burdette Pratt, Senior Judge.

Lindsey Burrows argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeHOOG, J.

Affirmed.

## DeHOOG, J.

Petitioner appeals a judgment denying his request for post-conviction relief. He raises five assignments of error through counsel, together with 50 assignments that he raises *pro se*. We write to address his second, third, and fourth assignments of error, and we reject the remainder without discussion. In his second through fourth assignments of error, petitioner contends that the post-conviction court erred in denying his motion, filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1996), in which he sought to raise additional claims initially alleged in his *pro se* petition for post-conviction relief.[1] Specifically, petitioner asserts that the court erred by applying the incorrect legal standard in reviewing his motion. The superintendent responds that those arguments were not preserved in petitioner's post-conviction proceedings. We agree that petitioner's arguments are not preserved and, accordingly, affirm.

The relevant facts are undisputed. In the underlying criminal proceeding, petitioner was convicted following a plea of guilty to attempted second-degree assault, ORS 163.175 (Count 2); unlawful possession of 3, 4-methylendioxymethamphetamine, ORS 475.874 (Count 7); and unlawful possession of a Schedule III controlled substance, ORS 475.752(3)(c) (Count 8), and a plea of no contest to second-degree sexual abuse, ORS 163.425 (Count 3). In accordance with plea negotiations, the remaining counts were dismissed, and the court sentenced petitioner to a total of 75 months in prison.[2]

With the assistance of counsel, petitioner pursued post-conviction relief, challenging both his convictions and his sentence. In the course of the ensuing proceedings,

---

[1] Petitioner initiated post-conviction proceedings by filing a petition on his own behalf. The trial court subsequently appointed post-conviction counsel, who then filed an amended petition with the post-conviction court that included some, but not all, of the claims petitioner had initially asserted.

[2] Pursuant to the plea agreement, the state dismissed petitioner's charges of first-degree unlawful sexual penetration, ORS 163.411 (Count 1); two counts of unlawful possession of a controlled substance, ORS 475.752 (Counts 4 and 9); attempted first-degree rape, ORS 163.375 (Count 5); and third-degree sexual abuse, ORS 163.415 (Count 6).

petitioner also filed a *Church* motion and alleged several *pro se* claims.

Following that filing, petitioner engaged the court in a colloquy concerning the burden of proof that he had to satisfy as to each claim in his *Church* motion. Specifically, petitioner stated that

"I don't know *** the quantum of proof that I need to provide.

"*****

"*** It just says *** that there is a burden of proof or a factual basis for each claim and that's as far as the *** ruling itself goes. So I'm curious as to your interpretation of *Church v. Gladden*."

The court responded:

"My interpretation of *Church v. Gladden* is that you need to establish to this Court, by a preponderance that—that these claims should be filed and included in your petition.

"If you satisfy that burden, what I do is I essentially direct [post-conviction counsel] to incorporate these claims into your petition. If I'm not satisfied, I essentially dismiss the claims."[3]

Following that colloquy, petitioner said "[f]air enough" and then requested a continuance because he needed more time "to establish the merits" of the claims. The court granted that continuance.

The post-conviction court held a hearing on petitioner's *Church* motion approximately two months later. Although petitioner sought to assert a large number of additional claims for relief, we discuss only Claims III, XIV, and L because those are the claims relevant to the assignments

---

[3] As the Supreme Court explained in *Bogle v. State*, 363 Or 455, 472, 423 P3d 715 (2018), a "*Church* motion" is a means for a petitioner with a "legitimate complaint" about counsel to "inform the post-conviction court that petitioner's counsel has failed to assert a ground for relief and to ask the court either to replace counsel or to instruct counsel to assert the ground for relief." A "legitimate complaint includes a complaint that counsel is not exercising reasonable professional skill and judgment." *Id*. at 472-73. The post-conviction court must consider a *Church* motion and, if the petitioner establishes a legitimate complaint, exercise its discretion as to what relief to provide. *Id*. at 473-74. The post-conviction proceedings in this case took place before the issuance of *Bogle*.

of error that we address here. In Claim III, petitioner asserted that his state and federal constitutional rights had been violated when the trial court accepted his pleas, because they were not knowing, intelligent, and voluntary. In Claim XIV, petitioner asserted that his rights had been violated when the trial court failed to inquire into the reasons for petitioner's request for substitute counsel at trial. Upon considering petitioner's motion, the post-conviction court concluded that it would not require counsel to pursue either of those two claims, reasoning that an alleged error by the trial court is not a "cognizable claim for post-conviction relief." Lastly, in Claim L, petitioner asserted that he was entitled to relief due to his "actual innocence" of the charges on which he had been found guilty. As to that allegation, the court agreed with petitioner's counsel that claims of actual innocence are not "typically entertained by Oregon courts in the post-conviction relief process." Accordingly, the court denied petitioner's *Church* motion.

Petitioner's post-conviction trial took place several months after that hearing. At trial, the court granted relief on petitioner's claim that his trial counsel had been ineffective in failing to object to the length of post-prison supervision. The court otherwise denied petitioner's claims. Petitioner then initiated this appeal.

On appeal, petitioner argues that, during the pretrial hearing on his *Church* motion, the post-conviction court erred by focusing on "the merits" of the claims he sought to have added to his petition, rather than "on whether post-conviction counsel exercised reasonable professional skill and judgment," as required by *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). Specifically, petitioner argues that the above colloquy regarding the burden of proof and the court's spoken rulings demonstrate that the court incorrectly considered the potential merits of his claims in denying his *Church* motion. In petitioner's view, *Bogle* prohibits a post-conviction court from relying on its own assessment of the merits of the claims a petitioner seeks to add when deciding whether to grant a *Church* motion.[4] The

---

[4] Although it is true, as petitioner asserts, that the Supreme Court has explained that the issue for a court to decide in a *Church* motion is "whether the

superintendent responds that petitioner "never objected to the post-conviction court's handling of his *Church* motion; nor did he request findings about post-conviction counsel's exercise of reasonable professional skill and judgment." Thus, in the superintendent's view, petitioner's arguments are not preserved. For the reasons provided below, we agree.

"Preservation principles apply in the context of post-conviction relief and, as a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013). The purpose of preservation is "to advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that parties are not taken by surprise, misled, or denied opportunities to meet an argument." *State v. Whitmore,* 257 Or App 664, 666, 307 P3d 552 (2013) (internal quotation marks omitted). Thus, we will review an issue advanced by a party on appeal as long as that party provided "the trial court with an explanation of his or her objection that [was] specific enough to ensure that the court [could] identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction [was] warranted." *State v. Wyatt,* 331 Or 335, 343, 15 P3d 22 (2000).

Here, petitioner does not identify, and we have not found, any place in the record where petitioner raised any issue as to the post-conviction court's application of the correct legal standard. The only discussion of the standard that the court would apply in considering petitioner's *Church* motion occurred during the above colloquy, in which the court said "you need to establish to this Court, by a preponderance that—that these claims should be filed and included in your petition," and petitioner simply replied, "Fair enough." Nothing in that colloquy drew the

petitioner's complaint about counsel is legitimate," and not whether the asserted grounds for post-conviction relief are themselves legitimate, *Bogle*, 363 Or at 473, it is not clear to us that the court intended to say that the potential merits are never relevant to that determination, even if they might bear on whether the failure to advance certain claims demonstrated a lack of professional skill and judgment. We express no opinion on that matter.

post-conviction court's attention to any error it might seek to avoid. *See Wyatt,* 331 Or at 343. Nor did it put the superintendent on notice of petitioner's position regarding the applicable legal standard so that he could, if appropriate, argue for a different standard or make a different record in an effort to satisfy petitioner's standard. *Whitmore,* 257 Or App at 666. Indeed, given the state of the record, it is not readily apparent to us whether, in fact, the post-conviction court even applied the legal standard that petitioner now contends was erroneous. Given those circumstances, we conclude that petitioner's arguments on appeal are not preserved, and we therefore decline to address them.[5] Accordingly, we affirm.

Affirmed.

---

[5] In *Bell v. Hendricks*, 301 Or App 216, 220, 456 P3d 378 (2019), *rev den*, 366 Or 292 (2020), we stated that a *Church* motion preserves, under then-controlling authority, an argument that the court failed to consider and rule on the motion as required by *Bogle*. *Bell* does not, however, suggest that the mere filing of a *Church* motion preserves any argument as to how the court decided a *Church* motion that it *did* consider and rule on.