***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 1, affirmed April 5, petition for review denied June 29, 2023
(371 Or 284)

# CHRISTOPHER STEPHEN BEADZ,
*Petitioner-Appellant,*

*v.*

# Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
19CV49692; A176076

J. Burdette Pratt, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Pagán, Judge, and DeVore, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Petitioner appeals from a judgment denying post-conviction relief (PCR), arguing that the PCR court erred (1) "when it denied petitioner's request for adequate counsel under *Church v. Gladden*"[1] and (2) in denying petitioner relief on his ineffective assistance of counsel claim. We affirm.

Petitioner, who was housed in a Community Corrections Center, was convicted of second- and third-degree assault for hitting and seriously injuring another inmate. A third inmate was also involved. After an unsuccessful appeal of his convictions, petitioner sought post-conviction relief. Appointed counsel filed an amended petition alleging inadequate and ineffective assistance of counsel based on trial counsel's failure to raise the defense of self-defense to the assault charges. Petitioner filed a motion for a "*Church v. Gladden* hearing," and, at the hearing, requested that counsel be instructed to file five additional claims for relief. Petitioner described each of the five claims that he wanted his PCR counsel to raise, and counsel explained why he was not raising them. At the conclusion of the hearing, the PCR court denied petitioner's *Church* motion, concluding that petitioner had not shown that counsel had failed to exercise reasonable professional skill and judgment in not raising those grounds for relief. *See Bogle v. State of Oregon*, 363 Or 455, 473, 423 P3d 715 (2018) (to prevail on a *Church* motion, a petitioner must demonstrate that counsel "has failed to exercise reasonable professional skill and judgment" in not raising a ground for relief). The court then held a hearing on the claim that was alleged in the amended petition—that trial counsel was inadequate under the Oregon Constitution and ineffective under the United States Constitution for not raising a self-defense defense. The PCR court denied relief, reasoning that trial counsel had acted reasonably in not pursing the defense.

---

[1] The purpose of a *Church* motion, based on *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), is "to notify the post-conviction court that counsel has failed to raise certain grounds for relief and to ask the court to either replace counsel or instruct counsel to raise those grounds for relief. Thus, a proper *Church* motion is, essentially, a motion for substitution of counsel or for the less drastic remedy of instruction of counsel." *Bogle v. State of Oregon*, 363 Or 455, 471, 423 P3d 715 (2018) (emphasis omitted).

## DENIAL OF *CHURCH* MOTION

Petitioner contends that the PCR court abused its discretion in denying his *Church* motion based on a "mistaken premise of law"—specifically that "the court asked trial counsel if he would respond, and the court considered trial counsel's explanations for why he was not raising the issues petitioner wanted addressed in post-conviction." In petitioner's view, under *Lopez v. Nooth*, 287 Or App 731, 403 P3d 484 (2017), the PCR court "should not have considered trial counsel's responses to petitioner's claims, and the court was under a mistaken premise of law in requiring counsel to respond." The superintendent responds that petitioner's argument is unpreserved and, on the merits, that the PCR court did not misapply the law under *Lopez*.

We agree that petitioner's arguments are not preserved. *See Pohlman v. Cain*, 312 Or App 676, 680-81, 493 P3d 1095, *rev den*, 368 Or 787 (2021) (declining to address as unpreserved petitioner's appellate arguments that the PCR court had applied an incorrect legal standard in denying his *Church* motion). At the *Church* hearing, in a colloquy with the PCR court, petitioner first expressed that he was *not* seeking substitution of counsel, only to have counsel instructed to raise the additional claims. Petitioner did not object to the court inquiring of counsel as to his reasons for not including the claims, nor did petitioner object to the court's consideration of counsel's responses in deciding petitioner's motion; in fact, petitioner offered to read to the court a letter from counsel explaining counsel's reasons for not including the five claims that petitioner wanted to raise. Thus, as in *Pohlman*, nothing in the colloquy "drew the post-conviction court's attention to any error it might seek to avoid" or "put the superintendent on notice of petitioner's position regarding the applicable legal standard." *Id.* at 680-81; *see also id.* at 681 n 5 (noting that "the mere filing of a *Church* motion [does not] preserve[] any argument as to how the court decided a *Church* motion that it did consider and rule on" (emphasis omitted)). In any event, we have reviewed the record and the parties' arguments, and we see no error in the court's application of the law under *Lopez*. We reject petitioner's first assignment of error.

## DENIAL OF INADEQUATE ASSITANCE
## OF COUNSEL CLAIM

As noted, petitioner alleged that trial counsel was ineffective and inadequate under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution for failing to raise the defense of self-defense to the assault charges. To prevail on such a claim, petitioner must show that his trial counsel failed to exercise reasonable skill and judgment and that petitioner was prejudiced as a result. *Montez v. Czerniak*, 355 Or 1, 7-8, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).[2] After accepting the PCR court's findings of historical fact that are supported by evidence in the record and reviewing its denial of relief for legal error, *Montez*, 355 Or at 8, we conclude that the court did not err in denying petitioner's claim. As the PCR court found, and the evidence in the record supports, trial counsel and petitioner together made the reasonable, strategic choice not to pursue self-defense. The PCR court credited trial counsel's affidavit that petitioner "absolutely" did not want to testify and, because, there were no independent third-party witnesses, counsel determined that such a defense would not have been successful. Counsel also explained that he did not think such a defense would succeed based on the evidence at trial, noting the size difference between the victim and petitioner, statements that petitioner made to the guards after the assault that he was not present at the time, and evidence that the victim was asleep in his bed at the time of the assault. Instead, as the court found, counsel reasonably pursued a defense strategy that the state could not prove serious physical injury and/ or that the state could not prove that petitioner, rather than the third inmate, had caused the injury. The PCR court did not err in concluding that petitioner failed to show that trial counsel's performance was deficient.

Affirmed.

---

[2] As we have frequently recognized, the standards under the two constitutions are "functional equivalent." *Montez*, 355 Or at 6-7.