***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 22, affirmed April 19, petition for review denied July 20, 2023
(371 Or 308)

NEHEMIAH BEAVERS,
*Petitioner-Appellant,*

*v.*

Kimberly HENDRICKS,
Superintendent,
Santiam Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
20CV19433; A176800

Claudia M. Burton, Senior Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner appeals a judgment denying his petition for post-conviction relief. In his sole assignment of error, petitioner challenges the post-conviction court's rejection of his claim that his trial counsel was inadequate under Article I, section 11, of the Oregon Constitution and ineffective under the Sixth and Fourteenth Amendments to the United States Constitution by failing to move before sentencing to withdraw his guilty plea. Accepting "the post-conviction court's findings of historical fact if those findings are supported by the evidence in the record" and reviewing "the post-conviction court's denial of relief for legal error," *Cartrette v. Nooth*, 284 Or App 834, 840, 395 P3d 627 (2017), we affirm.

Claims of inadequate assistance of counsel involve "a two-pronged inquiry." *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002). To succeed on such a claim under Oregon law, a petitioner must prove by a preponderance of the evidence that "[1] his or her trial counsel failed to exercise reasonable professional skill and judgment and that, [2] because of that failure, the petitioner suffered prejudice." *Pereida-Alba v. Coursey*, 356 Or 654, 661-62, 342 P3d 70 (2015). Similarly, "under federal law, a petitioner must establish that [1] counsel's performance was deficient and that [2] the deficient performance prejudiced the defense." *Id.* at 662 (internal quotation marks omitted). The state and federal standards are "functionally equivalent." *Johnson v. Premo*, 361 Or 688, 699, 399 P3d 431 (2017).

Regarding the first prong, petitioner asserts that trial counsel was deficient, because "petitioner wanted to withdraw his plea," and "counsel's decision to proceed to sentencing without moving to withdraw petitioner's plea was not aligned with petitioner's interests." Contrary to that assertion, however, the post-conviction court found that petitioner did not ask trial counsel to withdraw his plea and, further, that petitioner agreed that the plea was a good deal and wanted to go forward with it. A declaration submitted by trial counsel, which the post-conviction court found credible, supports that finding.

Petitioner also argues that trial counsel was deficient in failing to obtain and review a transcript of an earlier hearing, asserting that, had counsel done so, she would have understood that petitioner wanted to withdraw his guilty plea. But the transcript of that hearing—which was submitted as an exhibit in the post-conviction court—supports the post-conviction court's finding that petitioner appeared at that hearing to request a new attorney and that, when the trial court asked petitioner at that hearing if he wanted to withdraw his plea, petitioner responded, "[T]hat's not what I'm seeking to do today."

In view of the foregoing, we conclude that the post-conviction court did not err in determining that petitioner did not prove that his trial counsel failed to exercise reasonable professional skill and judgment in the manner alleged.

Regarding the second prong, petitioner argues that he was prejudiced, because trial counsel's "failure to move to withdraw his guilty plea could have tended to affect the verdict."[1] Even assuming for the sake of argument that trial counsel was deficient in the manner alleged, the post-conviction court determined that petitioner failed to meet his burden of proving prejudice—*i.e.*, "that there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial," *Rodriguez-Moreno v. State of Oregon*, 208 Or App 659, 663, 145 P3d 256 (2006), *rev den*, 343 Or 159 (2007) (brackets and internal quotation marks omitted)—and the record is not one that would compel a different conclusion.

Affirmed.

---

[1] We understand petitioner to also assert that he was prejudiced by trial counsel's failure to move to withdraw his guilty plea, because his plea lacked a factual basis. That argument was not adequately preserved in the post-conviction court, and we therefore do not address it. *See Pohlman v. Cain*, 312 Or App 676, 680, 493 P3d 1095, *rev den*, 368 Or 787 (2021) ("[A]s a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal.").