666 April 3, 2024 No. 205

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ADAN GODINEZ LOPEZ,
aka Adan Lopez Godinez,
*Petitioner-Appellant,*

*v.*

BRAD CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12129813P; A174266

J. Burdette Pratt, Senior Judge.

Argued and submitted May 12, 2023.

Jason L. Weber argued the cause for appellant. Lindsey Burrows and O'Connor Weber LLC filed the opening brief. Adan Godinez-Lopez filed the supplemental briefs *pro se*.

Ryan P. Kahn, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief. This is the second time that petitioner's post-conviction claims have come before us. We previously reversed and remanded the denial of post-conviction relief after concluding that the post-conviction court had abused its discretion in denying petitioner's request for substitution of counsel. *Lopez v. Nooth*, 287 Or App 731, 403 P3d 484 (2017). On remand, petitioner was appointed replacement counsel, and his petition was denied a second time. Petitioner now raises three assignments of error with the assistance of counsel. In his first assignment of error, he contends that the post-conviction court erred in granting summary judgment on three of his claims. In the second assignment of error, he contends that the court improperly denied his motion under *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), and failed to appoint substitute counsel. In the third assignment of error, he contests the court's failure to hold the *Church* hearing *ex parte* without the state's counsel present. Petitioner additionally raises three uncounseled assignments of error.

The state concedes that the post-conviction court erred in granting summary judgment on several claims. We accept that concession and further conclude that the post-conviction court erred in not appointing substitute counsel. We therefore reverse and remand for further proceedings.[1]

## I.   FACTS AND PROCEDURAL HISTORY

In the initial post-conviction proceeding in this matter, petitioner was represented by an attorney, Weiner. Weiner filed a post-conviction petition that did not include a number of claims that petitioner wished to raise; petitioner therefore filed a *Church* motion, notifying the court of 27 additional claims for relief not raised by counsel. In response to the *Church* motion, Weiner filed a written response refuting the claims. Petitioner then moved to have new counsel appointed. The post-conviction court denied the *Church* motion and petitioner's motion for new counsel. The court

---

[1] We reject without discussion petitioner's argument that the post-conviction court abused its discretion in failing to hold the *Church* hearing *ex parte*.

then held a trial on the three bases that had been raised by Weiner in the petition and denied relief.

On appeal, we concluded that the post-conviction court had approached the substitution of counsel request "with a mistaken premise of law concerning counsel's obligations in response to a *Church* motion" and had abused its discretion by denying petitioner's motion for substitute counsel. *Lopez*, 287 Or App at 736. We reversed and remanded for the substitution of suitable counsel, noting that our disposition was "not intended to preclude any further litigation of issues raised by suitable counsel on remand." *Id.* at 736 n 2.

On remand, petitioner was appointed substitute counsel, Vidrio. Vidrio filed an amended petition for post-conviction relief, raising the three bases for relief that were tried in the first post-conviction trial, along with two additional bases. Petitioner filed another *Church* motion, asserting 16 additional arguments that he wanted to have raised in his petition. The post-conviction court held a hearing, giving petitioner the opportunity to describe the general nature of the claims and the reasons why he thought they should be filed, and giving Vidrio the opportunity to explain why each claim had not or should not be filed. Vidrio responded to several of petitioner's arguments, explaining why he did not file them and did not believe they would succeed. Eventually petitioner chose not to continue making arguments on each claim, stating:

> "You know, I think that if this is the way this is going to go that I present my argument and then the attorney will essentially sit where he's sitting and rebut everything that I'm trying to say, I don't think I really want to continue doing this. I mean, in my opinion that is what the state is supposed to do, not my attorney."

The court denied petitioner's motion to direct Vidrio to file the claims and declined to appoint new counsel, concluding that Vidrio had not failed to exercise reasonable professional skill and judgment in not filing the claims.

Before the second post-conviction trial, the state moved for partial summary judgment on the claims that were raised. Regarding the three bases that had been tried

in the first post-conviction trial, the post-conviction court granted the motion, concluding that the remand proceeding was limited to addressing the 27 claims that had been omitted by Weiner in the first proceeding. The court further found that the doctrine of issue preclusion prohibited re-litigating the three claims, because petitioner had had a full opportunity to be heard on them in the previous trial, they were fully litigated to a final decision on the merits, and, based on the record created in the first post-conviction trial, there was no legal or factual merit to the claims. The trial proceeded on the only two remaining claims—those that had been raised by Vidrio—and the court denied post-conviction relief.

## II.   FIRST ASSIGNMENT OF ERROR

In his first assignment of error petitioner asserts, and the state concedes, that the post-conviction court erred in granting partial summary judgment on the three claims that were tried in the first post-conviction trial, with the assistance of attorney Weiner. We accept the state's concession.

The remanded case was not a new proceeding to which either statutory or common-law issue preclusion applied. *Hayes Oyster Co. v. Dulcich*, 199 Or App 43, 50-51, 110 P3d 615, *rev den*, 339 Or 544 (2005). When a case is remanded from an appellate court, "the trial court must act within the scope of the authority granted to it in the appellate court's opinion." *State v. Hightower*, 368 Or 378, 387, 491 P3d 769 (2021). Our previous remand order did not preclude further litigation of any issues raised on remand, due to petitioner not being represented by suitable counsel in the first post-conviction trial. *Lopez*, 287 Or App at 736 n 2 ("[O]ur disposition is not intended to preclude any further litigation of issues raised by suitable counsel on remand."). Petitioner was entitled to a new trial on all issues on remand.

## III.   SECOND ASSIGNMENT OF ERROR

In his second assignment of error, petitioner asserts that the post-conviction court abused its discretion by not appointing him substitute counsel after counsel became oppositional to petitioner's position.

A.  *Preservation*

As an initial matter, the parties disagree about whether this issue is preserved. Petitioner asserts that his filing of a *Church* motion after the remand and his requests to conduct the hearing outside of the presence of the state's counsel adequately preserved this issue for appeal. The state argues that the *Church* motion was directed at counsel's failure to raise certain claims in the post-conviction petition, and that the argument petitioner now asserts about counsel's conduct during the *Church* hearing is directed at a ruling the court never made because petitioner never asked the court for replacement counsel on the basis of Vidrio becoming oppositional.

"[A]s a general rule, arguments not made to the post-conviction court in support of a claim will not be considered on appeal." *Pohlman v. Cain*, 312 Or App 676, 680, 493 P3d 1095, *rev den*, 368 Or 787 (2021) (internal quotation marks omitted); *see also* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court[.]").

We agree with the state that petitioner's *Church* motion itself did not serve to preserve this argument. *See Vega-Arrieta v. Blewett*, 331 Or App 416, 423, ___ P3d ___ (2024) ("The [*Church*] motion necessarily did not reference counsel's statements about the merits of the claims that [the] petitioner wanted him to raise because those only arose during the hearing on [the] petitioner's motion."). However, unlike in *Vega-Arrieta*, we conclude that petitioner adequately preserved the issue he now raises on appeal by timely raising it during the *Church* hearing when his counsel revealed confidential client information and became oppositional. Although petitioner did not explicitly make a new motion for substitute counsel based on Vidrio's actions in the *Church* hearing, the court was on notice that petitioner desired "suitable" counsel who was not oppositional to petitioner's positions.[2] At multiple points during the hearing,

_____

[2] We reiterate our observation from *Vega-Arrieta* that a post-conviction petitioner in this situation may not be in a position to make "an immediate, fully-formed objection to an attorney's oppositional statements," particularly considering that they may be "effectively left on their own to raise the issue" and could be

petitioner alerted the court that he was dissatisfied with his counsel openly opposing his position. Petitioner voiced his displeasure with Vidrio assuming the role of the state's attorney and pointed out that information being discussed should have been confidential. Unlike the petitioner in *Vega-Arrieta*, petitioner did not explicitly accept that Vidrio was going to continue to represent him on the remaining claims: He requested that Vidrio be directed to comply with his wishes *if* Vidrio was going to continue to represent him. The court was on notice that the procedural history of the case involved petitioner's previous counsel, Weiner, becoming oppositional to petitioner during the first *Church* hearing, and the court explicitly stated that Vidrio's actions in the present hearing did not rise to the level of Weiner's actions in the first proceeding. The post-conviction court therefore had an opportunity to avoid the error petitioner now raises on appeal. We conclude that the issue is sufficiently preserved for our review.

B.   *Analysis*

We review for abuse of discretion court decisions on motions to allow counsel to withdraw or to appoint substitute counsel. *Lopez*, 287 Or App at 734. A post-conviction petitioner has the right to suitable counsel. ORS 138.590(4). For a court to be required to intervene into an attorney-client relationship and substitute or instruct counsel, "the petitioner must have a 'legitimate complaint' about counsel." *Bogle v. State of Oregon*, 363 Or 455, 471, 423 P3d 715 (2018) (quoting *State v. Langley*, 314 Or 247, 257, 839 P2d 692 (1992), *adh'd to on recons*, 318 Or 28, 861 P2d 1012 (1993)).

In *Lopez*, we held that post-conviction counsel was not suitable because he had advocated against petitioner by arguing against the merits of the claims and assuming the role of opposing counsel. 287 Or App at 736. Although we did not "delineate all the contours of what is 'suitable' counsel for purposes of ORS 138.590," we did acknowledge that counsel's response to a *Church* motion inquiry "cannot reveal confidences, or become oppositional to the client." *Id.* at 735-36. After we issued *Lopez*, the Supreme Court issued *Bogle*,

---

"hard-pressed to know precisely what to say," particularly when, as was the case here, they are proceeding through an interpreter. 331 Or App at 424 n 2.

concluding that the inquiry that a post-conviction court must make in response to a *Church* motion is whether the petitioner's complaint about counsel is legitimate, not whether the grounds for relief that the petitioner wishes to raise are legitimate. *Bogle*, 363 Or at 473. As we recently noted in *Vega-Arrieta*, there is some tension between our holding in *Lopez* and the Supreme Court's holding in *Bogle* with respect to precisely what post-conviction counsel is allowed to say in response to a *Church* motion, particularly when it comes to disclosing confidences. *Vega-Arrieta*, 331 Or App at 424-27. It may be appropriate for the Supreme Court to resolve that tension and provide further guidance to courts and post-conviction counsel who are in a difficult position when a post-conviction client challenges their existing counsel's judgment. Regardless of that tension, and based on the record before us, we conclude that Vidrio's statements exceeded what is permissible under both *Lopez* and *Bogle*.

The question is whether petitioner had a legitimate complaint regarding Vidrio's actions during the *Church* hearing. We recognize that it is not the post-conviction court's denial of the *Church* motion that is before us, but rather the court's failure to appoint new counsel when Vidrio became oppositional during the *Church* hearing. During that hearing, Vidrio shared information that he had obtained from experts that did not support the positions petitioner wanted to take, read from a letter he had sent to petitioner explaining why the claims petitioner wanted to raise would not succeed, and pointed to evidence that was submitted at the jury trial that supported petitioner's conviction. Additionally, he made express arguments regarding why petitioner's original trial counsel was reasonable and not deficient in pursuing particular trial strategies. In doing so, he went beyond what was necessary to resolve the *Church* motion by arguing the merits of the specific claims, rather than explaining his exercise of reasonable professional skill and judgment as is required under *Bogle*. He advocated against his client's position, assuming the role of opposing counsel, and therefore was not "suitable" counsel for purposes of the post-conviction trial, as occurred previously in *Lopez*.[3] We thus

---

[3] We acknowledge that Vidrio expressed some reservation about responding specifically to the merits of each claim and that the post-conviction court noted

again reverse and remand for the substitution of suitable counsel.

As in *Lopez*, we need not address the additional claims of error asserted in petitioner's uncounseled supplemental brief, and we reiterate that our disposition does not preclude any further litigation of issues raised by substitute counsel on remand, even those that may have been previously litigated with the assistance of prior counsel.

Reversed and remanded.

---

some confusion regarding how *Church* motions are to be handled without pitting a petitioner's counsel against the petitioner.